STATE, *ex rel.* J. R. GLOVER, v. J. R. HOLBROOK, IRA J. JOHNSTONE and JULIAN SADLER, as members of and constituting THE BOARD OF PUBLIC INSTRUCTION OF ORANGE COUNTY.

STATE, *ex rel.* J. R. GLOVER, v. J. B. MUNNERLYN, MRS. MARY BLACK and J. W. PACE, as members of and constituting the TRUSTEES OF SPECIAL TAX SCHOOL DISTRICT No. 12 OF ORANGE COUNTY.

176 So. 99.
Opinion Filed September 8, 1937.

*Baker & Thornal,* for Relator;

*G. B. Fishback,* for Respondents.

BROWN, J.—These two cases are so closely connected that they will be considered together. The decision of both cases depends upon the validity *vel non* of Chapter 18743, Laws of 1937, being "An Act Providing for Tenure of Employment of Teachers in the Public Schools of Orange County, Florida," etc.

It appears from both of the alternative writs of mandamus that the relator, J. R. Glover, has been employed as a teacher in the public schools of Orange County for the past ten years consecutively. From September, 1933, to September, 1935, he served as principal and teacher of the Winter Garden, Orange County, Elementary School, and from September, 1935, to June, 1937, he served as principal of the Pine Castle, Orange County, Elementary and Junior High School at an annual salary of $1,800.00.

On or about June 27, 1937, J. B. Munnerlyn, and two others, constituting the Trustees of Special Tax School District No. 12 of Orange County, Florida, commonly known as the Pine Castle School District, sat in session to nominate teachers for said District for the ensuing school year; that said trustees failed and refused to nominate to Board of Public Instruction of said County the relator as principal of the Pine Castle School, and in his place and stead nominated one Lindsey Perkins; that thereafter on June 27, 1937, the Board of Public Instruction of Orange County approved the nomination of said Lindsey Perkins, and this petitioner was thereby discharged from the service of the public schools of Orange County, Florida; that relator was by training and experience legally and morally equipped and qualified to continue in the service of the public schools of said county, and particularly as principal of said Pine Castle School, and that his discharge was arbitrary and unreasonable.

However, we might observe at this point that the action thus taken by the District Trustees and the County Board of Public Instruction was within their rights and powers under Section 10 of Chapter 4678, Acts of 1899, which was a general Act, and which section now appears as Section 710 of the Compiled General Laws of 1927. In the case of State, *ex rel.* Pittman, v. Barker, 113 Fla. 865, 152 Sou. Rep. 682, we held that the Trustees of a School District may nominate teachers, and that while under the statute the County Board of Public Instruction might reject such nominees, such rejection must be reasonably exercised and grounded on some dereliction in statutory or other qualification. And in a subsequent proceeding between the same parties, in State, *ex rel.* Pittman, v. Barker, 118 Fla. 380, 160 Sou. Rep. 362, we held that Boards of Public In-

struction are given general supervision and control of schools and school interests in the county, and may for a good cause reject nominations of teachers made by the trustees of Special Tax School District, but that when the Trustees of such a District nominate a teacher who is legally and morally qualified, the question of the suitability to the community and other qualities that go to his adaptability are questions for the Trustees to settle, and when done, the County Board of Public Instruction has no right to inquire into them.

But the alternative writs in both of these cases now before us allege the enactment by the Legislature at its 1937 session of said Chapter 18743, which was approved by the Governor and became effective as a law on June 10, 1937; that relator had completed his probationary period of employment as a teacher in the public schools of Orange County as defined by said Act, and that all things had been done and all acts performed and all time had elapsed sufficient to qualify him for the protective provisions of Sections 3, 4, 5 and 6 of said Act, and that he had not been guilty of any of the causes for discharge or demotion set out in said special Act, and that no charges had been preferred against him and no hearing accorded him as required by Section 5 of said Act. That under and by virtue of the provisions of said Act, relator is entitled to be reinstated as principal of said Pine Castle School, but that the trustees of said School District and the said Board of Public Instruction of said county had failed and refused, and do now fail and refuse to reappoint this petitioner to his said position, and in the absence of such appointment have failed and refused to transfer petitioner to another public school within said county in a position of rank and with compensation equivalent to that enjoyed and received by petitioner

as principal of said Pine Castle school; all in violation of the provisions of said Act.

The command of the alternative writ against Munnerlyn, and·others, as Trustees of the Special School District referred to, is that they forthwith nominate this petitioner to said position as principal of said school at a salary equal to that which the petitioner was receiving at the time of his discharge, and to make such nomination to the Board of Public Instruction of Orange County.

The command of the alternative writ in the case brought against Holbrook, and others, as members of and constituting the Board of Public Instruction of Orange County, is that they forthwith appoint and reinstate the relator to the position of principal of said Pine Castle school above referred to, or else transfer this petitioner to another school in Orange County, Florida, in a position of equal rank and with equal compensation enjoyed and received by him in his position as principal of said Pine Castle school, or appear and show cause before this Court, if any they have, why a peremptory writ of mandamus should not issue commanding said acts and duties to be done and performed. This command is justified by the provisions of said special Act, if such Act be valid, when construed and applied with reference to the facts alleged in the writ.

Section 1 of Chapter 18743 provides that the term "teachers," as used in the Act, shall be deemed to include principals and assistant principals, and certain others, who are holders of certificates and possessing such other qualifications as are required by the laws of the State to make persons eligible to teach in the public schools, and that the term "probationary period of employment" as used in the Act shall be deemed to refer to and include the time of employment of any teacher in the public schools of the county or

any special tax school district therein, where such employment extends through a period of three consecutive years, and whether such period shall have been completed before or shall be completed subsequent to the enactment of said statute, with certain other provisions not material here.

Section 3 of the Act provides that after the completion of a probationary period of employment without discharge, such teachers as have completed such probationary period shall be reappointed at the end of each school year and shall continue in the service in which they are then employed during their good behavior and as long as they render efficient and competent service, without reduction in salary or compensation, except as thereinafter provided, and that no such teacher shall be dismissed, discharged, or demoted except for one or more of the causes specified in Section 4 of the Act, and then only after due notice of the charge, or charges, brought against such teacher, and a hearing and a finding of the existence of one or more of such causes.

It will thus be seen that this Act, which is limited by its terms to Orange County, makes certain radical limitations upon the powers of nomination vested in the Trustees of Special School Districts and the powers of appointment and employment vested in the County Board of Public Instruction by the provisions of Section 710 of the Compiled General Laws. It is true that notwithstanding this special statute the trustees of school districts in Orange County still have the empty power to nominate to the County Board of Public Instruction teachers for all schools within the special district, but under the Special Act, if a teacher in any one of such schools has served three years, the probationary period of employment provided in the Act, the trustees are compelled to nominate him, or her, provided such teacher has not forfeited such right and the broad dis-

cretion therefore vested in such trustees is to that extent taken away. Likewise, the Board of Public Instruction is compelled to reappoint and reemploy a teacher who has completed the probationary period referred to, and who has not been demoted or discharged for cause as provided in the Act, and to that extent the broad discretion vested in the County Board of Public Instruction of Orange County, and which discretion is by the general law vested in the Boards of Public Instruction of all the other counties in the State, is to that extent limited or taken away.

To both of the alternative writs of mandamus above referred to the respective respondents have filed motions to quash and these motions raise several questions.

One of these questions concerns the probationary period of employment; that is, whether the relator must have served for three years consecutively in the Pine Castle School in order to come within the terms of the special Act. As above set forth, the relator had served for the past two years as principal of the Pine Castle school, and just previously to that had served for two years as principal of the Winter Garden school in said county. In view of those provisions of Sections 1 and 3 of said Act, above outlined, we think the relator had served the term of probationary employment required by the Act necessary to give him the benefit of the protection to reemployment and reappointment provided by Section 3 of the Act. Indeed, we think the allegations of both alternative writs bring the relator squarely within the protection of said special Act, if indeed said Act constitutes a valid and constitutional law.

The remaining grounds of the motions to quash go to the constitutional validity of the Act, which is attacked in the main upon two grounds.

The first contention of the respondents is that said Chap-

ter 18743 regulates the jurisdiction and duties of officers contrary to the prohibition of Section 20, Article III, of the Florida Constitution. On the other hand, the relator contends that the Act merely grants a privilege and certain rights to a particular class of governmental employees, to-wit: teachers, and in so far as the enforcement of any of these rights affects the activities of either the District Trustees or the County School Board, it is merely incidental to the fulfillment of their statutory duties which under the Act remain inviolate.

By a long line of authorities this Court has held that where the main purpose of a local or special Act is valid and constitutional, and where the effect of such Act upon the jurisdiction or duties of State or county officers is merely incidental to such main purpose, the Act will not be held to be in violation of that provision of Section 20 of Article III of the Constitution which prohibits the passage of special or local laws regulating the jurisdiction and duties of any class of officers except municipal officers. See: Lanihart v. Catts, 73 Fla. 735, 75 Sou. Rep. 47; Krogel v. Whyte, 62 Fla. 527, 56 Sou. Rep. 498; State v. Fearnside, 87 Fla. 349, 100 Sou. Rep. 256; Apgar v. Wilkinson, 95 Fla. 457, 116 Sou. Rep. 78; Jackson Lumber Co. v. Walton County, 95 Fla. 632, 116 Sou. Rep. 771; State v. Wheat, 103 Fla. 1, 137 Sou. Rep. 277. Without attempting any review of the cited cases, we think these previous decisions by this Court are sufficient answer to this attack upon the constitutionality of the Act.

This makes it unnecessary for us to determine whether the Trustees of Special Tax School Districts are "officers" within the meaning of said Section 20 of Article III. However, we did hold that such Trustees are "subordinate school officers" such as are subject to removal by the State Board

of Education for cause, State, *ex rel.* Land, v. Blake, 110 Fla. 178, 148 Sou. Rep. 566, but that they are not State or county officers within the meaning of Sec. 14 of Art. 16, Const. State v. Hamilton, 123 Fla. 381, 166 So. 742.

Finally, it is contended that said special Act violates Section 1 of Article XII of the Constitution of Florida, which section reads as follows: "The Legislature shall provide for a *uniform system* of public free schools and shall provide for the liberal maintenance of the same." (Italics supplied.)

Somewhat for the same reasons which moved the Court to hold that this special Act is not in contravention of that provision of the Constitution which prohibits the regulation by special or local laws of the jurisdiction and duties of any class of officers except municipal officers, a majority of the Court are of the opinion that said Act now under review cannot be held to be in conflict with said Section 1 of Article XII. The purpose of the Act, as stated in its title, is "to provide for the tenure of employment of teachers in the public schools of Orange County," and the majority of the Court are of the opinion that the provisions of the Act to that end are not such a departure from the constitutional provisions above referred to as would authorize this Court to hold the Act unconstitutional and void. In this connection counsel for relator pointed out that under Section 10 of Article XII of the Constitution it is not compulsory upon the Legislature to create special tax school districts in all the counties in the State, but that said section merely says that the Legislature may provide for the division of any county, or counties, into convenient school districts; that therefore the discretionary power to create involves the power to destroy and necessarily the intervening power to regulate. In this connection the case of Savage v. Board

of Public Instruction, 101 Fla. 1363, 133 Sou. Rep. 341, is cited which counsel contend is conclusive of the question of legislative control over special tax school districts. However, we are here also concerned with the authority and power of County Boards of Public Instruction. But the main contention of counsel for relator is that the system of free public schools established by general law has not in any way been interfered with by the passage of the special Act in question; that there is nothing in such special Act which conflicts with the provisions of the general law; that the same system of school government in effect in the other counties of the State remains in effect in Orange County and that a statute merely designed to secure some stability in the tenure of employment of teachers in the public schools of Orange County is not a departure from the intent and purpose of the uniformity clause of Section 1 of Article XII, above referred to. With this contention the majority of the Court are in accord.

But on this point the writer of this opinion must dissent. My view is that the language of Section 1 of Article XII of the Constitution is mandatory and that the Legislature must not only "provide," but must maintain by its subsequent legislation a *"uniform* system" of public free schools in order to comply with that section of the Constitution. The writer's view is that this statute constitutes a radical departure, in so far as one county is concerned, from the policy heretofore in effect under the general law of the State and uniform throughout the State, with reference to the nomination of teachers by school district trustees and the appointment and employment of teachers by the County Boards of Public Instruction, and that to that extent the uniform system fixed by the general law is departed from in Orange County under the provisions of this Act.

Of course, with regard to the wisdom and policy of this special Act we have nothing to do. Counsel for the relator contends that the primary purpose of the Act is to eliminate, in so far as possible, the influence of politics in the conduct of the public schools of Orange County; and counsel quotes from the Wisconsin case of State v. Levitan, 193 N. W. Rep. 499, wherein it is said, concerning legislation of this kind, that:

"A certain measure of economic independence should be the reward of one who labors loyally and successfully in a profession or other field of employment. The prevailing salaries of teachers have not been sufficient to accomplish this result. Because of the discouraging consequences resulting to our educational system from the brief tenure of service on the part of those whom the State has educated for the work, there has been and is a growing sentiment that the teaching profession must be made more attractive by rewards of a material nature to induce a longer tenure of service."

While all this may be true, we must repeat that we are not here concerned with the wisdom or policy of this statute. It may be all that counsel for relator contends that it is. That was a matter for the Legislature to determine. We are only concerned with the question as to whether or not the statute here under review constitutes such a clear violation of the Constitution as would require this Court to hold it invalid. As the majority of the Court are of the opinion that the statute is not shown by the respondents to be unconstitutional beyond all reasonable doubt, the validity of the statute should be upheld.

As counsel for respondents Holbrook and others, constituting the Board of Public Instruction of Orange County, have advised the Court that counsel would rely upon their

motion to quash, and if such motion should be overruled, the members of the Board of Public Instruction would not care to file an answer, the ruling of the Court is that, in the mandamus action against said Holbrook, and others, as members of and constituting said Board of Public Instruction, the motion to quash the alternative will be and the same is hereby denied, and that a peremptory writ, in line with the command of the alternative writ shall issue forthwith. This ruling is in effect a termination of this controversy. In the mandamus proceedings brought by the relator against Munnerlyn, and others, as members of and constituting the Trustees of Special Tax School District No. 12 of Orange County, the holding of the Court is that the motion to quash the alternative writ in that case be and the same is also hereby denied; and inasmuch as the public schools of Orange County open their Fall Term within a very few days, and inasmuch as a peremptory writ issued in the case against the Board of Public Instruction, above referred to, practically terminates the entire controversy, the respondent trustees will only be allowed three days from the date of this order in which to file an answer, if they be so advised and if no answer be filed within that time, peremptory writ shall issue.

It is so ordered.

WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., not participating.

BROWN, J. (dissenting in part).—As set forth in the foregoing opinion, I dissent on one of the points involved in this case for the reasons briefly stated therein.