STATE, *ex rel.* EMMA B. SMITH, v. J. R. HOLBROOK, IRA J. JOHNSTON and JULIAN SADLER, as members of and constituting the Board of Public Instruction of Orange County.

179 So. 691.

Division A.

Opinion Filed February 4, 1938.

Rehearing Denied April 1, 1938.

*George P. Garrett,* for Plaintiff in Error;

*G. B. Fishback,* for Defendant in Error.

TERRELL, J.—Plaintiff in error as relator brought this proceeding in mandamus against the Board of Public Instruction of Orange County as Respondents claiming benefits under Chapter 18743, Acts of 1937, better known as the Orange County Teacher Tenure Act. The alternative writ commanded Respondents to appoint or reinstate Relator to the position of teacher in the public schools in the Town of Apopka which she held during the year 1936-1937 or else transfer her to a position in another school of equal rank, grade, and compensation or show cause why they refuse to do so.

A motion to quash the alternative writ was denied, answer was filed, a motion for peremptory writ notwithstanding the answer was denied and final judgment was entered dismissing the proceeding. This writ of error was prosecuted to the final judgment.

The question posed is whether or not the proviso to Section 10 of Chapter 18743, Acts of 1937, is sufficient warrant to excuse Respondents from complying with the commands of the alternative writ.

A consideration of the title and Section 10 of said Act is essential to answer this question. The title to Chapter 18743, Acts of 1937, is as follows:

"An Act Providing for Tenure of Employment of Teachers in the Public Schools of Orange County, Florida, Defining Terms Used in Said Act, Providing When Teachers are Entitled to Tenure of Employment and the Causes for Which Such Teachers May Be Discharged or Demoted and Prescribing the Procedure Thereof, and Conferring Juris-

diction upon the Circuit Court to Issue Writs of Mandamus and Certiorari in Order to Give Effect to the Provisions of Said Act."

Section 10 of said Act is as follows:

"The Circuit Court of the County where any teacher coming under the provisions of this Act shall be employed or was·last employed shall have jurisdiction to award to any teacher a Writ of Mandamus directed to the County Board of Public Instruction of said County or to the trustees of any Special Tax School District therein to compel the enforcement of any rights and the performance of any duties, which, under the terms of this Act, may accrue to any teacher.

"The provisions of this Act shall not apply to any teacher after they have arrived at sixty-five (65) years of age."

It is admitted that Relator is a teacher as defined by Chapter 18743, Acts of 1937, that she is sixty-five years of age, and has taught many years in the public schools of Orange County, that she is well educated, and in all other respects qualified to continue teaching. No reason whatever is assigned for refusal to appoint her except the concluding proviso to Section 10 here quoted.

An inspection of Chapter 18743, Acts of 1937, discloses that it was designed to require higher standards of qualification on the teaching profession of Orange County and when attained and the teacher had otherwise demonstrated her capacity and ability to teach, she would be made secure in her tenure and not subject to removal for unfounded, flimsy, or political reasons.

We cannot see that the proviso has any relation whatever to the other part of Section 10 or to the main purpose of the Act; it is not comprehended in the title, it is accordingly violative of Section 16 of Article III of the Con-

stitution and may under Section 12 of the Act be eliminated as a part of it.

Even if cognate and valid, we do not understand the proviso to Section 10 to require the Board of Public Instruction to *sua sponte* discharge a teacher on attaining the age of sixty-five. It appears that there was a purpose to relieve teachers from complying with its terms after they reach that age but this falls far short of a requirement that they may be peremptorily "fired" when they reach this age. Such an interpretation would of itself make it arbitrary and unenforceable.

The constitutionality of Chapter 18743 was before this Court in State, *ex rel.* J. R. Glover v. J. R. Holbrook, *et al.*, and State, *ex rel.* J. R. Glover, v. J. B. Munnerlyn, *et al.*, and its validity upheld September 8, 1937, 129 Fla. 241, 176 So. 99. Its validity is accordingly not before us at this time.

Defendants in error as further defense for refusal to comply with the commands of the alternative writ say that the published notice of intention to apply for the passage of said Act was insufficient in that it did not meet the requirement of Section 21 of Article III of the Constitution of Florida.

Copy of the published notice was included in the record and has been examined. We do not find it amenable to the assault made on it. The passage of the special Act was a legislative judgment that the notice was sufficient and we find no legally sufficient basis to condemn it.

It follows that the judgment below must be and is hereby reversed with directions to reinstate the cause and proceed accordingly.

Reversed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN, and CHAPMAN, J. J., concur in the opinion and judgment.