H. J. LANEY v. J. ROSCOE HOLBROOK, as Chairman, IRA J. JOHNSTON, et al., as members of and constituting the Board of Public Instruction of Orange County, Florida, et al.

10 So. (2nd) 75                                      Division A
October 20, 1942

George Palmer Garrett, for appellant.
G. B. Fishback, for appellees.

BUFORD, J.:

On appeal we review order of circuit court inter alia as follows:

"This cause came on to be heard on the 8th day of July A. D. 1942, on motion to the plaintiff to tax costs. At said hearing the parties by their Attorneys, Mr. G. P. Garrett for the plaintiff, and Mr. W. R. Smith and Mr. G. B. Fishback for the defendants, stipulated and agreed orally before the Court 'that the item shown in the motion to tax costs in the amount of $300.00 was expended by the plaintiff, H. J. Laney, for the record prepared for the Board of Public Instruction, the original of which was filed with the record, July 30, 1942, of the said Board, and filed in this Court with the return of the Board to the Writ of Certiorari issued by the Circuit Court in this case, which payment of $300.00 paid for the original report, the copies thereof and the per diem of the reporter who made the report; that the said report was prepared pursuant to Section 5 of Chapter 18743 of the Laws of Florida, 1937.'

Minute Book KK Page 61

"It further appears from the record herein that after the Certiorari proceedings in the Supreme Court in this same cause, the plaintiff moved in the Supreme Court to be allowed to use the transcript of the record in said Certiorari proceedings in his appeal which motion was granted.

"The item of $300.00 is disallowed for the reason that it clearly appears that the expenditure was for making a record which it was the duty of the plaintiff to pay for under the last sentence of Section 5, Chapter 18743, Laws of 1937. There was no actual expenditure of said sum in the appeal for it clearly appears that the record was part of the Supreme Court's record in the Certiorari case, which the plaintiff lost and plaintiff was merely allowed by the Supreme Court to use said record in his appeal. It is thereupon.

"Ordered, Adjudged and Decreed that the item of $300.00 in the Motion to Tax Costs be, and the same is hereby, denied, and all other items, being three in number, are allowed and are hereby taxed in favor of the plaintiff against the defendants."

This Order was made and entered subsequent to decree disposing of the case as follows:

"This cause came on to be further heard this day after the Mandate of the Supreme Court and Opinion attached thereto was filed herein on the 24th day of June, 1942; counsel for the plaintiff, Mr. Laney, Mr. G. P. Garrett being before the Court on behalf of Mr. Laney, and G. B. Fishback and Mr. W. R. Smith, on behalf of the defendants, and it being suggested to the Court that an appropriate Order be entered pursuant to said Mandate and Opinion, and the Court having

considered the same, it appears that the directions of said Supreme Court require this Court to quash an order of the County Board of Public Instruction heretofore entered in this cause and remand the cause with instructions to said Board to make findings; it is thereupon

Ordered and Adjudged that the Order of the School Board in this cause entered on the 25th day of July, 1941, be and the same is hereby quashed, and it is further ordered that this cause be, and the same is, hereby remanded to said Board of Public Instruction with instructions to make findings of fact with sufficient definiteness to advise the accused as to what facts the Board found sufficiently proven to substantiate any charge or charges which would warrant the forfeiture of his position as principal of the Public Schools of the City of Apopka in Orange County, Florida."

Section 5 of Chapter 18743, Special Acts of 1937, provides in material part thereof:

"At the time and place specified in such notice, the County Board of Public Instruction shall conduct a public hearing on such charge or charges, at which hearing there shall be first presented the evidence in support of such charge or charges, and thereafter the evidence on behalf of such teacher with respect thereto. At such hearing the teacher shall have a right to be heard and represented by counsel. Only evidence under oath or affirmation shall be received at such hearing. Full cross-examination of all witnesses shall be permitted and the hearing shall be confined to the written charges served upon the teacher. A finding by a majority vote of the County Board of Public Instruction that any one or more of the charges

made against such teacher have been established or sustained shall be necessary before any teacher may be discharged or demoted and without such finding the charge or charges preferred against said teacher shall be ordered dismissed by the said County Board. The said Board shall deliver a copy of its findings upon said charge or charges to the teacher within five (5) days after the same have been made. It shall be the duty of the Board of Public Instruction upon request made by any teacher before any hearing is had upon charges filed against such teacher to cause to be made and filed in the office of said Board a true and correct record of all the proceedings had at said hearing including a transcript of the testimony and other evidence taken or produced at said hearing, provided that said teacher shall first deposit with the Board of Public Instruction a cash deposit, bond or other security acceptable to said Board to insure and guarantee payment by the teacher of all costs incurred in connection with the preparation of the record of said proceedings."

The record shows that in proceedings contemplated by the Act, supra, the provisions of the statute above quoted were complied with. The result was that appellant here was discharged by the County Board of Public Instruction. On certiorari to the circuit court the action of the Board was sustained. On appeal from the circuit court the Supreme Court quashed the order of the circuit court with directions. See Laney v. Holbrook, 150 Fla. 622, 8 So. (2nd) 465.

The transcript of the record made before the County Board of Public Instruction was the transcript used in each step of the proceedings to the final determination.

We hold that the item of $300.00 was within the purview of our mandate on final disposition of the cause here, i.e. "that appellant do have and recover of and from the appellee his *costs* by him in this behalf expended."

We think it was never the intent of the Legislature to require the teacher to ultimately pay the costs incident to a hearing upon, and determination of, charges which are not legally sustained.

Any other construction would violate Sec. 4 of the Declaration of Rights because it would require an innocent person to pay the cost accruing in preparing the only record on which, under the law, he may present his cause for adjudication in the courts of land and, that, without recourse against the wrong doer whose wrongful acts have created the necessity of such action.

As we construe the statute, supra, the deposit or security required is to secure the County Board of Public Instruction against loss in the event it shall ultimately be determined that the charges and proof warrant the discharge of the teacher.

This item of cost is one which follows the cause and ultimately falls on the losing party, as other costs generally do.

The order appealed from is reversed with directions that an order be entered consistent with the views herein expressed.

It is so ordered.

BROWN, C. J. WHITFIELD, and ADAMS, JJ., concur.