**JUDSON B. WALKER, as County Superintendent of Public Instruction of Orange County, Florida, and J. R. HOLBROOK, J. E. SADLER and IRA J. JOHNSTON, as and constituing the Board of Public Instruction of Orange County, Florida, and THE BOARD OF PUBLIC INSTRUCTION OF ORANGE COUNTY, FLORIDA, as a corporate body, v. STATE OF FLORIDA, ex rel., MRS. J. S. KIRTON.**

13 So. (2nd) 443                         January Term, 1943
May 14, 1943                                 Division A

*Fishback & Smith,* for appellants.
*Akerman, Dial & Akerman,* for appellee.

TERRELL, J.:

On petition of Mrs. J. S. Kirton, alternative writ of mandamus was directed to the Board of Public Instruction of Orange County commanding it to renew her contract of employment as principal of Lakeview High School at an annual salary of $2,700.00 or show cause why they refused to do so. On final hearing, judgment for peremptory writ was granted. This appeal is from that judgment.

It appears that Orange County has a Teachers Tenure Act, Chapter 18743, Acts of 1937, which among other things provides that after a teacher has completed her probationary period of employment, she is entitled to re-employment during good behavior and competent service without reduction of salary or rank except for stated causes that are not relied on in this case.

It is admitted that Mrs. Kirton has completed her probationary period of employment and is entitled to re-employment under the Tenure Act. The Board of Public Instruction tendered her a contract of re-employment to her former position at a salary of $2,466.00 per year which she declined to accept and brought this proceeding relying on the terms of the Tenure Act and her former contracts.

So the question presented is whether or not the Board of Public Instruction can avoid the terms of the Tenure Act and compel a teacher to accept a contract of employment at a reduced salary for reasons of their choosing that are not comprehended in the Tenure Act.

The law, Section 231.36, Florida Statutes 1941, requires that teachers be certificated and that they enter into written contracts with the Board of Public Instruction for the performance of their services. The appellants attempt to give

reasons of their own for offering Mrs. Kirton a contract at a reduced compensation but none of the reasons offered are within the terms of the Tenure Act and this is their guide in the premises. The purpose of the Tenure Act was to assure teachers in their employment during competency and good behavior. If the board can side step the Act for the reasons stated here, it becomes nothing more than a dead letter.

A contract to teach school is clothed with the same sanctity as other contracts and cannot be avoided except for grounds recognized by law. No such grounds are shown to exist in this case so the judgment appealed from is affirmed.'

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.