**THE STATE OF FLORIDA** ex rel. **H. J. LANEY** v. **JUDSON B. WALKER,** as County Superintendent of Public Instruction for the County of Orange and State of Florida, et al.

19 So. (2nd) 507          June Term, 1944
October 24, 1944          Division A

*Edward K. Goethe* and *G. P. Garrett,* for appellant.

*G. B. Fishback* and *W. R. Smith,* for appellees.

CHAPMAN, J.:

It has been made to appear by the record in this controversy that H. J. Laney by profession is a teacher and had taught for many years as principal of the Apopka High and Elementary School of Orange County, Florida. Prior to July 1, 1941, and continuously since, it is admitted and understood that Mr. Laney is a permanent tenure teacher within the meaning of the several provisions of Chapter 18743, Special Acts of 1937, which is limited in its operation to the public schools of Orange County, Florida.

Mr. Laney, as a permanent tenure teacher of Orange County, Florida, entered into a contract with the Board of

Public Instruction of Orange County, by the terms of which he was to teach as principal of the Apopka High and Elementary School of Orange County for the scholastic year of 1941-1942, and for said professional services was to receive an annual salary of $2,781.00. On July 25, 1941, Mr. Laney was discharged from his employment as principal of the Apopka High School by the Board of Public Instruction of Orange County, but the order of discharge, on December 31, 1943, was vacated and Mr. Laney was reinstated as the principal of the Apopka High School by the Board of Public Instruction of Orange County because of the ruling of the Supreme Court of Florida in the case of Laney v. Holbrook, et al., as reported in 150 Fla. 622, 8 So. (2nd) 465. See Laney v. Holbrook, et al., 151 Fla. 590, 10 So. (2nd) 75.

Presented for adjudication in the lower court in a mandamus proceeding brought by the discharged principal of the Apopka High School against the School Board of Orange County was the question of compensation or salary of the permanent tenure teacher for the ousted period viz, from July 25, 1941 to December 31, 1943. The lower court commanded the payment of the salary, with interest, by the school board for the scholastic year ending June 30, 1942. The relator below appealed and here contends that the salary should be paid for the entire ousted period, while counsel for the respondent, by cross assignments of error, asks for a reversal of the judgment appealed from. The answer to these respective contentions of counsel is our construction or interpretation of pertinent provisions of Chapter 18743, *supra.*

This Court sustained the constitutionality of Chapter 18743, *supra,* against attack on many and various grounds. See State ex rel. Glover v. Holbrook, et al., 129 Fla. 241, 176 So. 99. In the case of State ex rel. Smith v. Holbrook, et al., 131 Fla. 404, 179 So. 691, we held that the act was designed to require higher standards of qualification of teachers employed in Orange County, and when these standards were obtained the act secured a tenure by such teacher against removal for unfounded, flimsy, or political reasons. In Walker, Supt. v. State ex rel. Kirton, 153 Fla. 14, 13 So. (2nd) 443, we held that the School Board of Orange County, when functioning

under Chapter 18743, *supra,* could not reduce the salary of a permanent tenure teacher; that the terms of the act entitled her to re-employment during good behavior and when rendering competent service; that the Board was without power to sidestep the terms or provisions of the act when suitable to its convenience, but was bound to observe its provisions.

The procedure outlined by Sections 4, 5 and 6 of Chapter 18743, Special Acts of 1937, was observed when the appellant was informed against, tried and an order of discharge entered by the School Board. The order of reinstatement was entered under Section 7 of the Act. It provides that, "If the action of the County Board of Public Instruction be reversed by the Circuit Court upon writ of certiorari or other proceedings to review such action shall terminate in favor of the teacher, then such teacher shall be forthwith reinstated in his or her employment, and the same shall continue as though such charge or charges had not been preferred." It is not disputed (1) that the litigation terminated favorable to the teacher; (2) that the teacher was reinstated by an order of the Board; (3) that the Board declined to make payment of the salary for the ousted period.

The intention of the Legislature may be ascertained or determined by a consideration of the entire Act. The Act was designed (1) to obtain for the public schools of Orange County a staff of competent, outstanding and well qualified teachers; (2) the probationary period of employment was fixed at three years; (3) if the probationary period of employment of a teacher proved satisfactory, then the teacher's tenure became permanent; (4) the permanent tenure teacher could not be dismissed for trivial or spurious reasons; (5) continuous employment was secured during good behavior and when rendering competent service; (6) uniformity of salaries of permanent tenure teachers are fixed by the Act; (7) other objectives of the Act can or may be cited or enumerated.

The legal effect of the restoration order entered in the case at bar restored to the previously dismissed teacher all rights accruing to him under the terms of the Act. He "shall be forthwith reinstated in his or her employment, and the

same shall continue as though such charge or charges had not been preferred." If the charge or charges had not been preferred, the relator would have continued as a teacher of the Apopka High School, or some other school of the County of Orange which commanded a similar salary. If the charges had not been preferred and the dismissal order entered, the relator would have been paid as a teacher for the ousted period—the effect of the order of reinstatement is to establish the status quo—"and shall continue as though such charge or charges had not been preferred." Permanent tenure teachers by the terms of the Act are secured against removal for unfounded, flimsy or political reasons. See State ex rel. Smith v. Holbrook, *supra*.

The case of Board of Public Instruction v. Connor, 148 Fla. 364, 4 So. (2nd) 382, involved a teacher nominated by the Trustees for appointment by the School Board of St. Lucie County, Florida, for the scholastic year 1938-1939. The teacher presented himself to the school board and represented that he was willing, ready and available to teach during the scholastic year according to the nomination and recommendation as made by the trustees. The school board declined to contract with him but employed another of its own selection. Connor brought suit for his salary and recovered, and on appeal here the same was by this Court affirmed. It was contended here that a contract of employment never existed between the parties. We held that under such arbitrary action or conduct of the school board as involved the law established an implied contract and for the breach of which the teacher (Mr. Connor) was entitled to a judgment against the School Board of St. Lucie County.

The many prerogatives vouchsafed by the terms of the Act to a permanent tenure teacher again were restored to the relator upon the entry by the school board of the reinstatement order authorized by Section 7 of the Act. The effect thereof for all purposes was as if said order of dismissal had never been made or entered. The original order of dismissal was not only unauthorized but unlawful. The relator, during the entire "ousted period," was ready, available and willing to teach. He had a lawful right to teach as principal of the

Apopka High School, or some other public school of Orange County paying a similar salary. and his failure to do so is clearly attributable to the unlawful order of dismissal entered by the school board. In the absence of a written contract covering the period of ouster between July 1, 1942, and December 31, 1943, the law establishes an implied contract for the breach of which a recovery may be had. See Board of Public Instruction v. Connor, *supra*.

Diligent search has been made for authorities to sustain the contention that the annual salary of the appellant should be supplemented in the annual sum of $300.00, on the theory that said amount appeared in the budget of the Special Tax School District No. 3 of Orange County in which Apopka High School is situated. The answer to the contention is (1) the tax school district is not a party to this action; (2) the tax school district is not a party to the original contract of employment; (3) an agreement to supplement the annual salary by the tax school district is not in the record; (4) the stipulation of facts signed by counsel and filed in the cause fixed the salary of the relator for the year 1941-1942 at the sum of $2,781.00.

It is our conclusion that the appellant is entitled to recover his salary for the "ousted period" on the basis of $2,781.00 per annum, with interest at the rate of six per cent per annum. The judgment appealed from is hereby reversed with directions for further proceedings in the lower court not inconsistent with the views herein expressed.

It is so ordered.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.