### STATE v. CREEKMORE.

Circuit Court, Duval County.

January 24, 1956.

William A. Hallowes, III, State Attorney, Jacksonville, for the state.

Ralph E. Sistrunk and Thomas A. Larkin, both of Jacksonville, for defendant.

W. A. STANLY, Circuit Judge.

The defendant William P. Creekmore, having been charged by indictment of the grand jury of Duval County with the crime of rape, prior to arraignment, filed a statement of fact and motion wherein he alleges that he is a criminal sexual psychopathic person within the meaning of chapter 29881, Laws of Florida, Acts of 1955 (the recently enacted criminal sexual psychopathic persons statute), and therefore moves the court to proceed under the provisions of that chapter, and to appoint two psychiatrists to examine him and to make their report in accordance with the statute and, in the event he is determined to be a criminal sexual psychopath as therein defined, that he be committed to an institution to be restrained and treated therein until such time as he has recovered from such psychopathy to a degree that he will not be a menace to others. In response thereto the state moves the court to dismiss and strike defendant's statement of fact and motion from the record on the ground that chapter 29881 does not comply with and violates section 16 of article III of the Florida constitution, and is thereby null and void and of no effect.

Chapter 29881 provides, in substance, that any person who is a defendant in a criminal prosecution, irrespective of whether such prosecution relates to a sex offense, may, by invoking the procedures set forth therein, be examined by two psychiatrists and, following a written report of the results of such examination, obtain a hearing before the court (with or without a jury according to the desires of the defendant) for the purpose of determining whether he is a criminal sexual psychopathic person. Section 7 of the Act specifically provides that any person found to be a criminal sexual psychopathic person as therein defined shall be forever immune from prosecution or punishment for the crime with which he stands charged or convicted. Such immunity is broad in scope and includes all types and kinds of crimes, both sexual and nonsexual, such as murder, arson, robbery, burglary, larceny, forgery, perjury, etc.—the result being that such a criminal sexual psychopath who committed murder, robbed a bank, forged a check, testified falsely, or committed any other act made a crime by the laws of this state could readily escape the usual and customary penalties prescribed by statute by seeking refuge under the protective cloak of the Act.

Section 1 of the Act defines the class of persons to whom such immunity is available, as follows—"Any person who is suffering from a *mental disorder* which mental disorder is coupled with

criminal propensities to the commission of sex offenses, is hereby declared to be a criminal sexual psychopathic person." (Italics added.)

It is apparent that the Act undertakes to fix an entirely new standard or test of mental condition which may be invoked on behalf of an accused as a legal excuse for the commission of crime. The rule announced in the famous McNaghten case, 8 Eng. Rep. 718, decided in 1843, has long been the law of Florida as the test for any mental disorder as would legally excuse the commission of crime. In that case the judges, in response to questions by the House of Lords, said—". . . to establish a defense on the ground of insanity, it must be clearly proved that at the time of the committing of the act, the party accused was labouring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing, or, if he did know it, that he did not know he was doing what was wrong."

This test has been called the "right and wrong" test, and furnishes a recognized definition of legal insanity. Our Supreme Court through the years has cited the McNaghten case and approved this test. Any form of mental disorder or insanity falling short of the legal definition of insanity, as stated in the McNaghten case, does not excuse the perpetrator of a criminal act under a defense of insanity in this state. In the face of this established law, chapter 29881 provides that a person who is neither legally or medically insane, but simply a criminal sexual psychopathic person under the statutory definition of same, shall be immune from prosecution and punishment for any criminal offense—whether felony or misdemeanor.

The state attorney does not question the power and authority of the legislature to enlarge upon or abrogate the "right and wrong" test established in the McNaghten case and to create a new and different standard of legal insanity in Florida, but he emphatically contends, in the light of section 16, article III of our constitution, that the title to any legislation which enacts such a drastic departure from the established law of this state should fairly and reasonably apprise the members of the legislature, the members of the Bench and Bar and the public generally that such is one of the purposes and objects of the enactment.

The title to the Act reads—"*An Act to define criminal sexual psychopathic persons and to provide for the commitment of such persons and the procedure therefor.*" It is obvious that the title says nothing about granting such psychopaths immunity from prosecution or punishment for any and all crimes committed in

violation of law against the peace and dignity of the state. Instead it is confined solely to *defining* criminal sexual psychopathic persons, the *commitment* of such persons and the *procedure* therefor.

The title indicates nothing more than an intention by the legislature that the state should exercise its police power to separate a newly defined class of criminal sexual psychopaths from society by commitment under statutory authority—to the end of suppressing the commission of purely sex offenses.

Notwithstanding such limited and restricted purpose as set forth in the title, the body of the Act undertakes to enact a drastic change or departure from the long and well established "right and wrong" test by providing that a person who, at the time of committing a crime, is neither legally or medically incompetent to distinguish the nature and quality of the act he was doing, or from knowing he was doing what was wrong, may be excused from legal responsibility for breaches of the criminal law. Such proviso for excusing criminal sexual psychopaths from prosecution and punishment for violation of criminal statutes has no relation to the subject matter expressed in the title and cannot be said to be comprehended therein. A person reading the title would not be placed upon notice, or be informed or be reasonably lead to an inquiry concerning such extraordinary features contained in the Act.

Consequently the title of the Act is misleading and deceptive as to the above stated object and purpose contained in the body thereof and for that reason must be ruled invalid as violative of section 16, article III of the constitution, in keeping with principles of law enunciated by our Supreme Court.

In Boyer v. Black (Fla.), 18 So. 2d 886, Mr. Justice Sebring said —"Section 16 of Article III, Constitution of Florida, requires that each law enacted shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title. The constitutional provision is mandatory. The title need not be an index to the body of the act, nor need it embrace every detail of the subject matter. All that is required is that the propositions embraced in the act shall be fairly and naturally germane to that recited in the title. But if the title is deceptive or misleading, or if by recourse thereto a reader of normal intelligence is not reasonably apprised of the contents of the act, the title is defective and the act is in violation of the constitutional requirement in so far as such subject matter is improperly included."

In Disston v. Board of Trustees of Internal Improvement Fund of Florida (Fla.), 79 So. 295, the court said—"It is well settled in

this State that this provision of the Constitution is mandatory and should be strictly construed in all cases coming within the mischiefs intended by it to be arrested. State ex rel Attorney General v. Burns, 38 Fla. 367, 21 So. 290."

In Williams v. Dormany (Fla.), 126 So. 117, the court held—"It has been reiterated time and again by this court, in one form or another, that the purpose of the Constitutional requirement to which we now refer is to avoid fraud or surprise in legislation by means of provisions in bills, of which the titles give no sufficient notice to legislators or to those of the public who may be interested. Because of the great mass of legislation that is offered at every session of the Legislature, it is impossible for legislators to scrutinize every bill for the purpose of determining whether or not it contains matter not germane to the subject expressed in the title, and it therefore becomes highly important for the courts to enforce the restrictions of this mandatory provision of the Constitution 'in all cases coming within the mischiefs intended by it to be arrested' * * * When an act contains provisions, which, after yielding all fair intendments and reasonable doubts, are clearly not embraced in the subject of the act, as expressed in the title or in matter properly connected with that subject, such provisions are inoperative and without effect. Ex parte Knight, supra; Carr v. Thomas, 18 Fla. 736."

In Smith v. Chase (Fla.), 109 So. 94, it was said—"The purpose of the first clause of section 16, art. 3 of the State Constitution are singleness of the subject of a legislative enactment and to require the title of an act to give a fair and reasonable notice to the legislators and the public of the nature of the provisions contained in the act. . . . and the act must not contain any provision that is not covered by the single subject expressed in the title or that is not matter properly connected with or germane to the subject that is stated in the title. * * * But where it clearly appears that matter contained in the body of an act does not relate to the subject, whether restricted or broad, that is expressed in the title or is not matter properly connected with such subject, it is the duty of the court, in appropriate proceedings, to so adjudicate, whereupon the constitution by its own dominant force, renders inoperative such provision."

See also Copeland v. State (Fla.), 76 So. 2d 137; Ex parte Knight (Fla.), 41 So. 786; Davis v. Wilson & Toomer Fertilizer Co. (Fla.), 92 So. 916; State ex rel Smith v. Holbrook (Fla.), 179 So. 691; City of Miami v. Headley (Fla.), 61 So. 2d 321.

The court is not concerned with the policy of the Act or the impact which its drastic provisions may have upon the criminal code or public welfare. Every reasonable doubt and all fair intendments should be resolved in favor of the constitutionality of the Act assailed. Narrowed down to the sole consideration whether the Act here under consideration violates the mandatory provisions of section 16, article III of the Florida constitution this court is irresistibly driven to the conclusion that the title was wholly insufficient to apprise the legislators and the public of the broad and sweeping contents of the Act excusing criminal sexual psychopaths from prosecution and punishment for crime. By reason thereof the Act clearly comes within the mischiefs and evils intended to be arrested by the mandatory requirement of our constitution—as it has been construed repeatedly and consistently by the Supreme Court of Florida.

The state's motion to dismiss and to strike the defendant's statement of fact and motion on file is granted.

The defendant having heretofore notified the court that he will rely upon insanity at the time of the commission of the alleged offense as one of his defenses to the indictment pursuant to provisions of section 909.17, Florida Statutes 1953, and the state attorney having announced to the court that as soon as the defendant files a bill of particulars as hereinafter provided the state expects to move the court for the appointment of psychiatrists and other proceedings in conformity with that section, it is ordered that the defendant file in this cause and court a bill of particulars showing as nearly as he can the nature of the insanity he expects to prove under this issue and the name, or names, of the witness or witnesses, by whom he expects to prove such insanity, on or before 1 P.M. on February 9, 1956.

Done and ordered in open court in the presence of the defendant and his counsel in Jacksonville, Florida, this 24th day of January, 1956.