QUESTION: May a special act be in derogation of a general law and authorize a county to exercise more powers than it would be allowed under the general law?
SUMMARY: A special or local act or a general law of local application declaring legal aid to be for a county purpose and providing for its funding and maintenance is presumptively valid and not in derogation of general law unless it is by its terms repugnant to or in direct conflict with general law. Sections 1 and 2, Ch. 74-154, Laws of Florida, amended ss. 28.241 and 34.041, F.S., to provide by general law authority for a noncharter county to impose additional service charges by ordinance to provide for facilities, including a legal aid program, for use of the courts of the county, which became effective June 11, 1974, upon approval of the Governor. It is noted that, as a preface to stating the question, reference was made to AGO 073-466, which stated that a county by ordinance may not collect additional fees for legal aid services under the authority of s. 34.041, F.S., but that a special act would be required to impose and collect such fees. A memorandum submitted along with the request for an opinion stated that s. 34.041, F.S., provided service charges for filing in the county court, for use in maintaining facilities, including a law library, but did not authorize the county by ordinance to impose an additional filing fee or service charge for legal aid. You express doubt as to whether a special or local law may constitutionally allow the county to impose such filing fees or service charges to provide for a legal aid program, since any such special or local law may not be in derogation of a general law (presumably with reference to s. 34.041.) It is well to note that the question arose in a nonchartered county, viz., Broward County. Article VIII, s. 1(f), State Const., in part provides: (f) NON-CHARTER GOVERNMENT. Counties not operating under county charters shall have such power of selfgovernment as is provided by general or special law. . . . (Emphasis supplied.) Article II, s. 5(c), State Const., among other things, provides as follows: (c) The powers, duties, compensation and method of payment of state and county officers shall be fixed by law. (Emphasis supplied.) Article III, s. 11(a) and (b), State Const., expressly sets forth certain subjects which cannot be dealt with by special laws or general laws of local application. However, I have the opinion that special or local laws of the nature of the ones under discussion are not proscribed by Art. III, s. 11(a) or (b). See State v. Holbrook,
176 So. 99 (Fla. 1937); State v. City of Tampa, 72 So.2d 371 (Fla. 1954); Hayek v. Lee County, 231 So.2d 214 (Fla. 1970). Section125.01(1), F.S., authorizes the governing board of a county to carry on county government and to carry it on in a manner not inconsistent with general or special law. Section 34.041, F.S., itself explicitly recognizes and states that service charges in excess of those therein fixed may be imposed by special or local law now or hereafter in force to provide facilities for the use of the county court. There are many examples of existing laws presumptively valid and all relating to the maintenance of a legal aid bureau, among other things, viz., Ch. 63-1047, Laws of Florida (a population act repealed by Ch. 71-29, Laws of Florida, and coverted to an ordinance); Ch. 70- 598, Laws of Florida (a local act); Ch. 27808, 1951, Laws of Florida; Chs. 61-2584 and 67-1636, Laws of Florida. Future enactments of the same tenor and effect, if constitutionally enacted, would likely be held to be valid. Fees for legal aid programs provided by the aforecited statutes are declared to be for a county purpose. Such legislative declarations must be given effect until judicially declared invalid, Evans v. Hillsborough County, 186 So. 193, 196 (Fla. 1938), and such legislative determinations will not be interfered with by the courts unless violative of constitutional provisions or having no legal or practical relation to any county purpose. Florida Power Corporation v. Pinellas Utility Board, 40 So.2d 350
(Fla. 1949). Such a determination and provision is not in derogation of, in conflict with, or repugnant to any existing general law that I am aware of or that has been called to my attention. The answer to the question as stated is that a special act is not in derogation of a general law unless it is repugnant to or in conflict with such general law. Of importance in this discussion, in any event, is the fact that ss. 1 and 2, Ch. 74-154, amended ss. 28.241 and 34.041, F.S., to the extent necessary to provide by general law authority in a noncharter county to impose additional service charges by ordinance to provide for facilities, including a legal aid program, for the use of the the courts of the county, both the circuit court and the county court. Parenthetically, it is noted that both amended ss.28.241 and 34.041 expressly recognize and state that such additional service charges may be imposed by special or local law now or hereafter in force.