W. A. McMULLEN, B. L. McMULLEN, AND J. A. BOYD, *Appellants*, v. COUNTY OF PINELLAS, *Appellee*.

En Banc.

Opinion Filed October 21, 1925.

1. The allowance of a temporary injunction rests in the sound judicial discretion of the trial court, guided by the established rules and principles of equity jurisprudence arising from the facts of the particular case.

2. On application for injunction the chancellor may consider the merits of the bill. This must necessarily be the prevailing rule as an examination of a bill on its merits is the primary means available to the court to determine whether or not ground for injunction is stated.

3. Section 20, of Article III, of our Constitution inhibits special or local laws "for the assessment and collection of taxes for State and County purposes," but such inhibition goes only to the manner or method of assessing taxes and does not forbid the legislature to authorize by special or local laws a county to levy a tax for a local county purpose.

An Appeal from the Circuit Court for Pinellas County; L. L. Parks, Judge.

Affirmed.

*D. C. McMullen* and *A. B. McMullen*, for Appellants;

*J. S. Davis* and *Jas. R. Bussey,* for Appellee.

TERRELL, J.—This is a suit in equity brought by appellants to restrain the enforcement of Chapter 8806, Acts of 1921, Laws of Florida, sometimes designated The Pinellas County ''No Fence Law.'' The bill alleges the Act to be unconstitutional because: (1) it is in conflict with Section 20 of Article III of the Constitution; (2) it is in conflict with Section 1 of the Declaration of Rights of the Constitution; (3) it is vague, uncertain, indefinite and discriminatory, and (4) it provides by local law for the assessment and collection of a tax for a county purpose.

There was a demurrer to the bill and application for a temporary injunction. The chancellor considered the cause on its merits and denied the application for temporary injunction. Appeal is taken from said order.

Appellants in their brief predicate error on the action of the chancellor in considering the constitutional question raised in the bill on the application for temporary injunction.

It is settled that the allowance of a temporary injunction rests in the sound judicial discretion of the trial court, guided by the established rules and principles of equity jurisprudence arising from the facts of the particular case. To the granting of every temporary injunction two essential conditions must prevail. The bill must allege facts which appear sufficient to constitute a cause of action or ground for injunction and on the full showing made from both sides it must appear in the light of the circumstances, that the injunction is necessary to protect the legal rights of the plaintiff pending the litigation. Childs v. Columbia, 87 S. C. 566, 70 S. E. Rep. 296, 34 L. R. A. (N. S.) 542; 14 R. C. L. 312.

This Court has repeatedly held that on application for

injunction the Chancellor may consider the merits of the bill. City of Apalachicola v. Apalachicola Land Co., 9 Fla. 340, 79 A. Dec. 284; McKinney v. County Com'rs. of Bradford County, 26 Fla. 267, 4 South. Rep. 855. This must necessarily be the prevailing rule as an examination of a bill on its merits is the primary means available to the Court to determine whether or not ground for injunction is stated. Holding this view, it necessarily follows that no error was committed in considering and disposing of the main question on application for temporary injunction.

It is next contended that Chapter 8806 is in conflict with Section 20, of Article III, of the Constitution, in that the said Act is a special or local law for the assessment and collection of taxes for county purposes.

It is true that Section 20, of Article III, of our Constitution inhibits special or local laws ''for the assessment and collection of taxes for State and county purposes,'' but such inhibition goes only to the manner or method of assessing taxes and does not forbid the legislature to authorize by special or local law a county to levy a tax for a local county purpose. Kroegel v. Whyte, 62 Fla. 527, 56 South. Rep. 498; Hunter v. Owens, 80 Fla. 812, 86 South. Rep. 839.

In further support of the view thus expressed, Section 5, of Article IX, of the Constitution provides that ''the Legislature shall authorize the several counties and incorporated cities and towns of the State to assess and impose taxes for county and municipal purposes.'' This language precludes any other theory than that counties may by special local law be empowered severally to assess and collect taxes for county purposes. Kroegel v. Whyte, *supra*.

It is further contended that Chapter 8806, Acts of 1921, is in conflict with Section 1 of the Declaration of Rights of the Constitution of Florida, in that Section 2 of said Act

restricts the ownership of cattle to landowners and that Section 8 of said Act unlawfully discriminates between resident and non-resident owners of cattle, that resident owners having cattle in the county are compelled to confine their cattle within an enclosure, while non-resident owners are not required to so confine their cattle.

We have examined Sections 2 and 8 carefully and do not think either of them admit of the interpretation contended for by appellants. Land ownership as referred to in Section 2 must refer to or extend to those who by ownership, lease, or otherwise, are entitled to the possession or control of lands for grazing purposes as indicated in the Act. As to Section 8, its terms are somewhat vague and indefinite, yet careful analysis fails to reveal any such discrimination between resident and non-resident owners of cattle as is contended for by appellants.

The next and final objection was raised to Chapter 8806, Acts of 1921, is that it is discriminatory, vague, indefinite and uncertain in its provisions.

We have given careful consideration to the views of appellants on this point and do not think they are conclusive. While it is true that we are not in position to command the draughtsmanship of the Act, yet as against the well established rule that all doubts must be resolved in favor of its validity, we think we are well within the decided cases in holding it good and workable as to the objections here presented.

Affirmed.

WEST, C. J., AND WHITFIELD, ELLIS, STRUM AND BROWN, J. J., concur.