STATE *ex rel.* T. T. COLEMAN v. FRED M. YORK, Chairman; L. D. PANKEY, Vice-Chairman; W. C. McLEOD, A. B. WHITMAN and H. B. PATTISHALL, Secretary-Treasurer, as Members of the State Board of Dental Examiners.

190 So. 599
Division A
Opinion Filed July 18, 1939

*James N. Daniel,* for Petitioner;

*Dickenson & Dickenson,* and *Walter F. Rogers,* for Respondents.

THOMAS, J.—The sole question involved here is the constitutionality of Chapter 16972 of the Acts of 1935 which attempted to amend Chapter 14708 of the Laws of 1931.

The latter law was a comprehensive legislative enactment to regulate the practice of dentistry in Florida and among its provisions were the requisite qualifications of those who should be given permission to engage in the profession and the manner of appointment of a board to determine the fitness of the applicants. The members of this board are appointed by the governor and are charged with the duty and responsibility of conducting examinations to test the ability of prospective practitioners in dentistry and of issuing certificates to those found worthy.

The former Act was one to amend Section 1 of the latter by exempting from its provisions, "in counties of populations of between 4,115 and 4,130, and * * * 4,060 and 4,070 according to the federal census of 1930," persons who had resided and practiced dentistry in the State for fifteen years prior to January 1, 1926, and who furnished affidavits of capability, experience and good moral character.

Two counties fell within the limitation of population prescribed, Liberty and Okeechobee. By amendment of the pleadings reference to Liberty County was eliminated and we are asked to determine the effectiveness of the amendatory measure and whether petitioner is entitled to a certificate to engage in his profession in Okeechobee County by complying only with the prerequisites of Chapter 16972.

That the later law is, when considered as a general law in the light of Article III, Section 21 of the Constitution, void seems to us obvious. See Dutton Phosphate Co. v. Priest, 67 Fla. 370, 65 South. Rep. 282; State *ex rel.* Buford v. Shepard, 84 Fla. 206, 93 South. Rep. 677; State *ex rel.* Gray v. Stoutamire, 131 Fla. 698, 179 South. Rep. 730, and cases therein cited, but it is urged that notice of its passage was published as required in that article and section and

hence although it appears a general Act on its face it is in reality a special law applicable to but one county. ,

Assuming that it is a special Act the question then arises whether it violates the inhibition in Section 20 of Article III against special enactments regulating "the jurisdiction and duties of any class of officers, except municipal officers." In State *ex rel.* Clyatt v. Hocker, 39 Fla. 477, 22 South. Rep. 721, 63 Am. St. Rep. 174, it was decided that an Act "to regulate admissions to the bar of this State, to create a board of legal examiners, and to provide for a uniform system of legal examinations" was void because the examiners were State officers and therefore could not be appointed by the Supreme Court in the face of Article III, Section 27:

"The Legislature shall provide for the election by the people or appointment by the Governor of all State and county officers not otherwise provided for by this Constitution and fix by law their duties and compensation."

It should be noted here that the Governor must appoint or the people elect "State and county officers" and that the Legislature may not pass special laws affecting "any class of officers, except municipal officers."

We see no logical distinction between a board to regulate the practice of dentistry and one to regulate the practice of law. Nor do we feel that if members of the one (board of law examiners) are State officers the members of the other (board of dental examiners) do not fall within the catergory "any class of officers."

As a practical matter, despite the authorities cited by counsel for petitioner that the rules governing the professions may be relaxed in sparsely populated communities, we feel that that yardstick of legal interpretation is hardly appropriate here for it is not the intent to make the qualifi-

cations more lenient because of sparsity of inhabitants. The relaxation applies only to a county which had in 1930 a population of not less than 4,115 and not more than 4,130. There is no possibility of any other county falling in the classification because it is anchored to one particular census. Any county with fewer than 4,115 persons would not receive the benefit of the leniency and Okeechobee County would forever be affected though it increased in population until it became the most densely populated county of the State.

We are well aware of the doctrine heretofore established that if the principal purpose of a local Act is valid it will not be held unconstitutional simply because duties or functions of State or county officers are incidentally affected (State *ex rel.* Glover v. Holbrook, 129 Fla. 241, 176 South. Rep. 99), but that rule seems not to apply here because it is the sole duty of the board to determine what persons are qualified to practice dentistry. By excepting one county in the State it can hardly be said that the effect on their duties would be merely incidental.

Another inhibition of Article III, Section 20, is against special legislation "for the punishment of crime or misdemeanor."

In Section 22 of Chapter 14708, *supra,* is found the provision that whoever practices dentistry or dental surgery without authority of the board shall be deemed guilty of misdemeanor and punished accordingly. So it would be possible to prosecute a person for practicing dentistry in one county while another in Okeechobee of the same ability and qualifications enjoyed his profession under full protection of the law.

We conclude that the Act is void, and the motion to quash is granted.

So ordered.

TERRELL, C. J., and BROWN and CHAPMAN, J. J., concur.

WHITFIELD and BUFORD, J. J., dissent.

BUFORD, J. (dissenting).—I think Chapter 16972, Acts of 1935, is a valid local law as applied to Okeechobee County where intention of such enactment was advertised, as shown by the legislative journals.

I do not think the Act as a local or special Act offends against the provisions of Section 20, Article III of the State Constitution. See Lainhart v. Catts, 73 Fla. 735, 75 Sou. 47; State v. Fearnside, 87 Fla. 349, 100 Sou. 256; State v. Wheat, 103 Fla. 1, 137 Sou. 277; Masters v. Duval County, 114 Fla. 205, 154 Sou. 172; State v. Hand, 96 Fla. 799, 119 Sou. 376; Jackson Lbr. Co. v. Walton County, 95 Fla. 632, 116 Sou. 771; Carlton v. Constitution Indemnity Co., 117 Fla. 143, 157 Sou. 431; State v. Holbrook, 129 Fla. 241, 176 Sou. 99; State v. Garrett, 130 Fla. 413, 178 Sou. 309.

The provisions contained in Chapter 16972, *supra*, would have been valid, had they been originally written in Chapter 14708, Acts of 1931, and, therefore, I consider the attempted amendment of that Act by Chapter 16972 valid.

WHITFIELD, J., concurs.