**FRANK COOLEY as Registration Officer of the City of Clearwater, v. STATE OF FLORIDA ex rel. W. R. ALDRICH.**

21 So. (2nd) 347                                    January Term, 1945
March 9, 1945                                              En Banc

*Ralph Richards,* for appellant.

*W. R. Aldrich,* for appellee.

BUFORD, J.:

The appeal brings for review an order awarding peremptory mandamus in a suit brought to coerce the city auditor and clerk of the City of Clearwater as ex officio registration officer of the City of Clearwater, to register the relator as a qualified elector of the City of Clearwater.

The City auditor and clerk filed his answer to the alternative writ in which he defended his action in refusing to register the relator on the ground that by the enactment of Chapter 22235, Special Acts of 1943, Sec. 162 of the Charter of the City of Clearwater being 9710 Special Acts of 1923 was amended so that the City auditor and clerk was no longer registration officer of the City of Clearwater and that by the provisions of said Act the supervisor of registration of Pinellas County had been designated registration officer for the City of Clearwater.

On final hearing peremptory writ was awarded.

The pertinent part of Chapter 22235, Special Acts of 1943, is as follows:

"Section 162. Registration of Voters. The Supervisor of Registration of the County of Pinellas shall be the registration officer for the City of Clearwater. Each person who is a qualified elector of the City of Clearwater, as provided by Section 161 of Chapter 9710, Special Acts of 1923, and who desires to be registered as an elector of the City of Clearwater, shall take the following oath to be administered by the supervisor of registration or his duly authorized deputy:

" 'I do solemnly swear (or affirm) that I am a bona fide resident of the City of Clearwater, Florida, and possess all of the qualifications of an elector of said City.'

"Any person taking such oath who shall swear falsely shall be deemed guilty of perjury."

It was contended in the court below, and that court so held, that this Act violates Sec. 20, Article III of the Constitution of Florida in that it is a special or local Act regulating the jurisdiction and duties of a county officer. With this

conclusion we do not agree. This Act designates the supervisor of registration of Pinellas County as registration officer of the City of Clearwater. This does not result in regulating the jurisdiction or duties of the supervisor of registration of Pinellas County and in no way changes or affects the performance of his duties as such county officer. The effect of the statute is to make him registration officer of the municipality of Clearwater and to define his jurisdiction and duties as such registration officer.

This case is on all-fours with the case of State v. Armstrong, 103 Fla. 121, 137 So. 140, and is ruled by that case and authorities there cited. See also State v. Holbrook, 129 Fla. 241, 176 So. 99.

Therefore, the judgment is reversed and the cause remanded with direction that the petition be dismissed.

So ordered.

CHAPMAN, C. J., TERRELL, BROWN, THOMAS, ADAMS and SEBRING, J. J., concur.

BROWN, J., concurring:

I think the conclusion reached is strengthened when the question involved is considered in connection with our decisions construing Sec. 8, Art. VIII of the Constitution.