MATHEWS, Justice.
The Circuit 'Court of the Thirteenth Judicial Circuit of Florida in and for the County of Hillsborough validated a con *372 templated issue of hospital revenue bonds in the sum of $4,500,000 of the City of Tampa, Florida, dated February 1, 1954.
The petition for validation set forth all of the steps taken including the adoption of Resolution No. 5578-C, adopted February 16, 1954, for the purpose of providing the funds, with other funds available, for paying the cost of additions and improvements to the City Hospital and retiring $57,000 outstanding municipal revenue certificates payable from the revenue of the hospital. The Circuit Court found that all of the material allegations of the petition for validation were true and that the issuance of the said bonds secured with the additional security of revenues from cigarette taxes of the City of Tampa, Florida, had been duly authorized.
The final decree validating the bonds contained the following:
“1. That the City is governed by and acting under by Charter granted by the Legislature of Florida, being Chapter 5363 of the Laws of Florida, approved June 8, 1903, and acts amendatory thereof and supplemental thereto; a Charter Amendment and a Revised Charter adopted by the qualified voters of said City at elections held October 19, 1920 and December 6, 1927, respectively, pursuant to Chapter 6940, approved June 4, 1915, which elections were validated by Chapter 9095, Special Laws of Florida, 1921, and Chapter 15537, Special Laws of Florida, 1931, respectively; Chapter 23552, Special Laws of Florida, 1945, which was duly adopted by the qualified voters of the City at a referendum election duly called and held under the provisions of said Act; and acts amendatory of and supplemental to the foregoing.
“2. That the Enabling Acts fully authorize the issuance of said $4,500,-000 Hospital Revenue Bonds (Additionally Secured by Cigarette Taxes) of the City of Tampa, Florida, in the manner and form and having the details provided in the Resolution, for the purpose of providing funds, with any other funds available for such purpose, for paying the cost of the Project and retiring the Outstanding Certificates.
“3. That the Resolution was properly adopted by the Board of Representatives of the City, and was and is sufficient in form and in substance to authorize the issuance of said $4,500,-000 Hospital Revenue Bonds (Additionally Secured by Cigarette Taxes) in the manner and form and for the purposes provided in the Resolution.
“4. That all of the terms, covenants and provisions of the Resolution are in accordance with law, are fully authorized by the Enabling Acts, and are in all respects validated and confirmed.”
In addition to the various acts of the Legislature, specified in the said final decree, the bonds are to be issued under the authority of Chapter 24947, Special Laws of 1947, as amended by Chapter 27926, Special Laws of 1951, and Chapter 29560, Special Laws of 1953. It is unnecessary to outline the details of these various acts.
This appeal is prosecuted from that final decree which validated and confirmed the said bonds in every respect. The appellant has propounded only two questions as follows: (1) do Chapters 27926, Special Laws of Florida 1951, and 29560, Special Laws of Florida 1953, violate Section 20 of Article III of the State Constitution, F.S.A., by regulating the jurisdiction and duties of a class of officers other than municipal, and by providing for the assessment and collection of taxes for state purposes to be used by the City of Tampa for the purpose of providing additional security for the hospital bonds, and (2) will the issuance of the hospital revenue bonds (additionally secured by Cigarette Taxes) and the provisions of Resolution No. 5578-C pledging to the payment of the bonds and interest thereon the net revenues of the hospital applicable to pay patients and a sufficient amount of the cigarette tax levied and imposed by the City under the *373 provisions of Chapter 210, Florida Statutes, F.S.A. or Chapter 29560, Special Laws of Florida, 1953, create a debt of the City of Tampa in violation of Section 6 of Article IX of the Florida Constitution?
The material change in the duty or function of the Comptroller is that the Comptroller, with reference to the City of Tampa, will not have the right or duty to withhold distribution of cigarette tax money to the City of Tampa because of its failure to comply with the requirements of F.S. Section 210.21, F.S.A.
This Court has consistently held that where the duties imposed are merely incidental to the main purpose of the act, such act would not be held to violate Section 20 of Article III of the State Constitution. McMullen v. Pinellas County, 90 Fla. 398, 106 So. 73; Whitney v. Hillsborough County, 99 Fla. 628, 127 So. 486; State ex rel. Glover v. Holbrook, 129 Fla. 241, 176 So. 99; Posey v. Wakulla County, 148 Fla. 115, 3 So.2d 799. The fact that the law may impose duties upon the State Comptroller with reference to the cigarette tax authorized to be levied in the City of Tampa is a mere incident to and not a part of the main purpose of the act.
The construction and maintenance of a hospital may serve a state, a county, or a municipal purpose. The money derived from the assessment and collection of taxes for state purposes must be used for a state purpose. It is now recognized that the construction and maintenance of streets, roads and bridges in a county or a municipality serve a state purpose. In the case of Amos v. Mathews, 99 Fla. 1, 126 So. 308, this Court held that the state money may be appropriated to assist the counties with reference to the construction and maintenance of roads and bridges when such roads and bridges serve a dual state and county purpose. It may be true that a health program serves a municipal or county purpose, but disease is no respecter of persons. Such a program may also serve a state purpose. Town of Palm Beach v. City of West Palm Beach, Fla., 55 So.2d 566. In the case of State v. Florida State Improvement Commission, Fla., 60 So.2d 747, 754, we said:
“Two other questions are presented: first, that public health is a state rather than a county function, and second, that the revenue certificates are not for a local county or municipal purpose as distinguished from a state purpose and are, therefore, violative of section 20 of Article III of the Constitution. These questions were settled in the case of Town of Palm Beach v. City of West Palm Beach, Fla., 55 So.2d 566, contrary to the contention of the appellants. The matter of public health and disease is not solely a local question. Disease is no respecter of persons, places or territories. Epidemics occur and disease spreads from person to person, from place to place, from territory to territory, and although it may be a local question, it is also a question of concern to the county and state governments. It is similar to a county road which may serve a local or county purpose and also a state purpose.”
The erection and maintenance of a hospital in the City of Tampa is certainly for a municipal purpose, but, at the same time, it is also for a state purpose, and has been declared such by the legislature.
The next question is whether or not the issuance of the hospital revenue bonds, as provided for in the Resolution, create a debt of the City of Tampa in violation of Section 6 of Article IX of the State Constitution, F.S.A.
In the case of State v. City of Homestead, Fla., 59 So.2d 742, this Court specifically held that municipalities were authorized to impose a cigarette tax and to use the proceeds for a sewage disposal system. It was further held in that case that the proceedings imposed no burden on the City in the way of ad valorem taxes and did not require an approving vote of the freeholders as contemplated by Section 6, Article IX of the State Constitution, F.S.A.
*374 The same principle was involved in the case of State v. City of Fort Lauderdale, Fla., 60 So.2d 32, where the certificates of indebtedness were to be retired in part from the proceeds of a utility tax instead of a cigarette tax. The proceedings had in this case in making provision for the payment of the bonds and the interest thereon were not in violation of Section 6, Article IX of the State Constitution, F.S.A.
There is no merit in the assignments of error and the decree of the Circuit Court, validating and confirming the bonds in question, should be, and the same is hereby, affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.