DREW, Chief Justice.
In his final decree the able chancellor below directly passed on the validity of a state statute[1] in disposing of appellant City’s contention that Chapter 57 — 1313, Laws of Florida, Acts of 1957, was unconstitutional because it violated the provisions of Section 20 of Article III of the Florida Constitution.[2] He held:
“2. That Chapter 57-1313, Laws of Florida, is constitutional and not in violation of Section 20, Article III, of the Constitution of Florida, in that it is the opinion of the Court that the main purpose of the said Act is valid, and that the impact of such act upon the duties of the County Commissioners of Escambia County, Florida, is only incidental to such main purpose.”
We agree. State v. City of Tampa, 72 So.2d 371 (Fla.1954); McMullen v. Pinellas County, 90 Fla. 398, 106 So. 73; Whitney v. Hillsborough County, 99 Fla. 628, 127 So. 486; State ex rel. Glover v. Holbrook, 129 Fla. 241, 176 So. 99; Posey v. Wakulla County, 148 Fla. 115, 3 So.2d 799; Pinellas County v. Laumer, 94 So.2d 837 (Fla.1957).
Affirmed.
ROBERTS, THORNAL, CALDWELL, ERVIN and HOBSON (Ret.), JJ., concur.
THOMAS, J., agrees to conclusion of affirmance.

. This direct appeal comes to us by virtue of Section 4(2), Art. V of the Florida Constitution, F.S.A.

. The following portion of Section 20, Art. HI, Florida Constitution applicable here, reads as follows: “The Legislature shall not pass special or local laws in any of the following enumerated cases: that is to say, regulating the jurisdiction and duties of any class of officers * *