231 So.2d 214 (1970)
Will J. HAYEK, Jr., and John Savage, As Prosecuting Attorney of Lee County, Florida, Appellants,
v.
LEE COUNTY, Florida, Appellee.
No. 38949.
Supreme Court of Florida.
January 29, 1970.
*215 Charles L. Bigelow, Jr., Fort Myers, for Will J. Hayek, Jr., and Julian D. Clarkson, Fort Myers, for John Savage, as Pros. Atty. of Lee County, appellants.
Pavese, Waldrop, Shields & D'Alessandro, Fort Myers, Earl Faircloth, Atty. Gen., and T.T. Turnbull, Chief Trial Counsel, for appellee.

ON REHEARING GRANTED
DREW, Justice.
Chapter 69-565, Laws of Florida,[1] created a new Court of Record for Lee County. The act designates the State Attorney of the Circuit in which Lee County is located as the prosecutor of all felonies in said court and the County Prosecuting Attorney as the prosecutor of all misdemeanors. The Clerk of the Circuit Court of Lee County is designated therein as Clerk of said court and the Lee County Sheriff is designated as "the Chief Executive Officer of the Court."
The trial court's declaratory final judgment upheld the constitutionality of the act in litigation contending that it violated Section 11(a) (1) of Article III of the Florida Constitution, 1968, and was therefore not properly enacted under the provisions of Section 1 of Article V of the Constitution of 1885[2] permitting the Legislature to "from time to time ordain and establish" other courts than those named therein. It is from this judgment that a direct appeal has been prosecuted to this Court.[3]
The decision here turns on the simple proposition of whether Section 11(a) (1) of Article III of the 1968 Constitution of Florida[4] differs in substance or meaning from Section 20, Article III, of the 1885 Florida Constitution.[5] It is conceded by all parties that if it be determined that the 1968 constitutional provisions above referred to did not alter, change or modify the 1885 provisions, the judgment of the trial court is free of error and should be affirmed on the authority of the numerous cases of this court construing the 1885 provision.[6]
*216 Subsequent to the rendition of the original decision in this cause, November 5, 1969, from which we now recede, we have examined minutely the record of the proceedings of the Constitutional Revision Commission appointed to draft the Constitution which was adopted by the people in the General Election of 1968 and became effective January 7, 1969, and many documents relating thereto which have been collected and are now preserved in the Supreme Court Library.[7] The revelations of these various documents and a more thorough study and comparison of the language used in each constitution convince us there was no intention to change in any way the purposes to be served by such provisions.
A constitutional provision prohibiting passage of certain local and special laws appeared first in the Florida Constitution of 1868. The wording of Article IV, Section 17 of the 1868 Constitution was carried forward, with two inconsequential punctuation changes, into Section 20, Article III of the Constitution of 1885, the section remaining effective until January 7, 1969, and reading as follows: "The Legislature shall not pass special or local laws in any of the following enumerated cases: that is to say, regulating the jurisdiction and duties of any class of officers, except municipal officers * * *." (emphasis added.)
The Convention of the Constitution Revision Commission which convened in November of 1966 for the purpose of proposing a new constitution for approval by the Legislature and people, considered a preliminary draft containing the following provision: "Article 3, Section 11, Prohibited Special and Local Laws.  The Legislature shall not pass any special or local law pertaining to: (a) jurisdiction, duties, fees other than those for special county purposes, or election, including the opening and conducting thereof and the designation of places of voting, of any officers except of municipalities and chartered counties. * * *" (emphasis added.)
The Supreme Court Library collection of documents relative to drafting and passage of the 1968 Constitution contains no record of any discussion or report indicating why the wording in the above section was changed from "regulating" to "pertaining to." The words "pertaining to" are used in essentially the same manner and appear in each constitution draft by the convention and Legislature, including the final document adopted November 5, 1968. Discussion centered mainly around which subject matters should be proscribed by subsection (a), except for changes in wording describing "special" and local laws.
Article III, Section 11 of the final document presented to the Legislature by the Constitutional Revision Commission in January 1967 contained a slightly reworded section (a) with the addition of "chartered counties" to the subject matters prohibited. It read as follows: "Section 11. Prohibited Special and Local Laws.  The Legislature shall not pass any special or local law pertaining to: (a) election, jurisdiction, duties or fees of officers except officers of municipalities or chartered counties. *217 * * *" (emphasis added.) This wording of the section was introduced as a part of the proposed constitution via House and Senate Joint Resolutions for consideration at a special session of the Legislature during July 31  August 18, 1967.
In an "Analysis of Proposed Constitution to be Introduced in the House of Representatives," prepared by the Florida Legislative Service, the following comment appears relative to Article III, Section 11: "Restates Section 20 * * *. Adds chartered counties to the present exemption of municipalities from the prohibition of special or local laws concerning the election, jurisdiction, duties, or fees of state and county officers." The following wording, including the bracketed words, appears in the copy of the House Joint Resolution labeled "As It Differs From Committee Substitute for Senate Joint Resolution 2-3 xxx(67) September 5, 1967," and was adopted in the final House Joint Resolution: "Section 11. Prohibited Special and Local Laws.  The Legislature shall not pass any [general law of local application or any] special or local law pertaining to: (a) election, jurisdiction, duties or fees of officers, except officers of municipalities or chartered counties. * * *"
The Legislature's Joint Committee on Style and Drafting, in its memorandum of September 29, 1967, reworded the provision as follows: "Section 11, Prohibited Special Laws.  (a) There shall be no special law or general law of local application pertaining to: (1) election, jurisdiction or duties of officers, except officers of municipalities or chartered counties. * * *"
Minutes of the Interim (Joint) Constitutional Revision Committee of the Legislature for October 9, 1967, indicate that the considerable discussion surrounding the section pertained to the feasibility of adding "special districts" to the exceptions in subsection (a). Minutes of the Interim Constitutional Revision Committee for October 30, 1967, show that the language of subsection (a) was amended to read as follows: "(1) Election, jurisdiction or duties of officers, except officers of municipalities, chartered counties, special districts, or authorities."
The section as contained in the Draft of the Joint Committee on Style and Drafting dated December 11, 1967, is identical to the section as it now reads in the 1968 Constitution:
"Section 11. Prohibited Special Laws.  (a) There shall be no special law or general law of local application pertaining to: (1) election, jurisdiction or duties of officers, except officers of municipalities, chartered counties, special districts or local governmental agencies."
The Interim Committee, in a summary of changes made through December 11, 1967, noted that the Style and Drafting Sub-Committee reworded Section 11(a) "for clarity of intent, but no substantive change." As to Section 11(a) (1), "language [was] added to authorize passage of special laws pertaining to such bodies as port authorities and hospital boards."
In its report of June 24, 1968, the Interim Constitutional Revision Committee essentially repeated a prior summary of changes made in Section 11(a) since the September 1967 draft:
"Style and Drafting reworded subsection 11(a) for clarity and intent, but no substantive change. The language `special districts or local governmental agencies' was added [in subsection 11(a) (1)] to authorize passage of special laws pertaining to such bodies as port authority and hospital boards, which clarifies the intent of both Houses."
The only comments as to Section 11(a) (1) in the Legislative Reference Bureau's analysis of the proposed revision read as follows:
"Section 11. Prohibits the enactment of special laws or `general laws of local application' (a new phrase) on numerous subjects, most of which are enumerated *218 in present Sections 20, 21 and 25. * * * adds chartered counties, special districts or local governmental agencies, to present exemption of municipalities from the prohibition of special laws pertaining to the election, jurisdiction or duties of officers."
We have been advised of the passage by the Extraordinary Session of the Legislature of 1969, of Chapter 69-1734, which act purports to cure any deficiencies of Chapter 69-565 created by our decision of November 5, 1969. In view of our holding here, it is not necessary for us to discuss or pass upon the questions raised concerning this legislation at the argument on rehearing granted.
To summarize, we hold that Chapter 69-565, Laws of Florida, is valid and constitutional and that the decisions of this Court construing Section 20, Article III, of the Constitution of 1885 are applicable to and control in cases construing present Section 11(a) (1) of Article III of the Constitution of 1968. Therefore, the judgment appealed is
Affirmed.
ERVIN, C.J., and ROBERTS, CARLTON and ADKINS, JJ., concur.
BOYD, J., and MANN, District Court Judge, concur specially with opinions.
BOYD, Justice (specially concurring):
The original question before us was whether Chapter 69-565, a special act, pertains to the duties of State Attorney, County Prosecuting Attorney, Clerk of the Circuit Court and Sheriff of Lee County. The answer is that it clearly does pertain to those duties. The word "pertain" is defined as "to have some connection with or relation to something; to have reference, relate."[1] Chapter 69-565 names the officers in question and sets out their duties in regard to the newly created court. A more patent example of legislation pertaining to the duties of these officials could hardly be envisioned. The language of the Constitution of 1885 prohibiting "regulating the jurisdiction and duties of any class of officers, except municipal officers * * *" has a different meaning, and the cases cited under that provision are inapplicable here. The majority opinion holds the words "regulating" (Constitution of 1885) and "pertaining" (Constitution of 1968) mean the same thing. Research indicates that the words have different meanings. If it had been intended by the people that the two provisions have the same meaning there would have been no need to change the language.
I cannot, therefore, agree with the reasoning of the majority, but reach the same result because the Legislature by general act[2] passed in the 1969 Special Session has cured the defect in the special act. The general act provides in pertinent part as follows:
"Section 1. In all counties of this state wherein courts of record having either civil or criminal jurisdiction, or both civil and criminal jurisdiction, have heretofore been or may hereafter be established by the legislature, which said courts have not otherwise been provided by law county solicitors or prosecuting officers separate from the state attorneys or the county prosecuting attorneys, the county prosecuting attorneys of such counties shall prosecute all misdemeanors arising within the jurisdiction of such courts of record having misdemeanor jurisdiction. The state attorneys situate in the circuits in which said courts of record are located shall, on behalf of the state, prosecute all non-capital felonies in said courts. In those courts of record the jursdiction of which is limited to misdemeanors, the *219 state attorney of the circuit in which the court of record is located shall prosecute such misdemeanors. Nothing contained herein shall be construed to otherwise affect the offices of existing county solicitors wherein such officers have been specifically provided for such courts of record as may have been heretofore established.
"Section 2. In all such counties wherein courts of record have been heretofore established, or which may hereafter be established, and no clerks of such courts have been specifically provided by law, the clerks of the circuit courts of the counties wherein such courts are situate shall be ex officio the clerks of said courts of record performing those duties for such courts devolving upon said clerks as provided by law for clerks of the circuit courts.
"Section 3. All sheriffs of the several counties in the state wherein such courts of record are established shall be deemed to be the executive officers of such courts.
"* * *."
This act satisfies the requirements of the 1968 Constitution because it provides by general act for uniformity throughout the State. Thus, the legislature has cured the defect in the special act in question and I am able to concur in upholding the validity of the Court of Record of Lee County.
MANN, District Court Judge (concurring specially):
It is my view that the creation of the Court was permitted under Article V, Section 1, and not prohibited as the subject of a special law under Article III, Section 11. The severability clause in Chapter 69-565 saved the valid portion of the act from taint by possible invalidity of the section relating to the officers whose duties are affected. The question whether they have been constitutionally assigned the additional burden attendant upon the court's creation is rendered moot by the passage of Chapter 69-1734, since this litigation involves not some specific question which arose during the period prior to the passage of Chapter 69-1734, but the general question of the continuing validity of the assignment to these officers of duties in the newly created court. Thus, I would not reach the question which Mr. Justice Drew has examined with such careful scholarship.
For these reasons, I would affirm.
NOTES
[1] This is admittedly a "special law" within the contemplation of Section 11(a) (1) of Article III of the Florida Constitution 1968, F.S.A. (effective January 7, 1969).
[2] This article was not included in the 1968 revision.
[3] The judgment is one obviously reviewable here on direct appeal under Section 4(2), Article V, Fla. Const. 1885.
[4] "There shall be no special law or general law of local application pertaining to:

"(1) election, jurisdiction or duties of officers, except officers of municipalities, chartered counties, special districts or local governmental agencies; * * *" Fla. Const. art III, § 11(a) (1) (1968).
[5] The pertinent portion of this section is:

"The Legislature shall not pass special or local laws in any of the following enumerated cases: that is to say, regulating the jurisdiction and duties of any class of officers, except municipal officers * * *." Fla. Const. art. III, § 20 (1885).
[6] Among the many cases which have been decided by this Court on this point are: State ex rel. Landis v. Dickenson, 103 Fla. 907, 138 So. 376 (1932); State v. Sullivan, 95 Fla. 191, 116 So. 255 (1928); Hancock v. Sapp, 225 So.2d 411 (Fla. 1969); Hanson v. State, 56 So.2d 129 (Fla. 1952); Kirkland v. Phillips, 106 So.2d 909 (Fla. 1958); and State v. City of Tampa, 72 So.2d 371 (Fla. 1954). In 1958, Justice Thornal, speaking for a unanimous Court, summarized the holding in the above and other decisions as follows:

"* * * Our statute books are full of authorizing legislation establishing similar authorities for many Florida counties. There are taxing districts, hospital districts, drainage districts and many other similar districts or such agencies of county government that have been created by local acts of the Legislature. The cases sustain the notion that these agencies serve a useful and valid county function. * * * Having arrived at this point, it is perfectly clear that the duties imposed upon the county commissioners by the 1955 act were merely incidental to the main purposes of the act and being such the act will not be considered as violative of Article III, Section 20, of the Florida Constitution. State ex rel. Glover v. Holbrook, 129 Fla. 241, 176 So. 99, and cases therein cited.
"We refrain from burdening this opinion with the abundance of our own decisions which could be cited to support the proposition last stated. * * *" (Citing certain illustrative cases in support.) Kirkland v. Phillips, 106 So.2d at 912-913 (Fla. 1958).
[7] See special file in Supreme Court Library on the Constitution of 1968. This file, and each document in it, is indexed both chronologically and alphabetically by the title referred to in this opinion.
[1] Webster, New International Unabridged Dictionary, (3rd Ed. 1961).
[2] Chapter 69-1734, Laws of Florida (1969).