292 So.2d 1 (1974)
The BOARD OF COUNTY COMMISSIONERS OF PALM BEACH COUNTY, Florida, Appellant,
v.
Millard F. HIBBARD et al., Appellees.
No. 43989.
Supreme Court of Florida.
March 13, 1974.
Michael B. Small, County Atty., and R. William Rutter, Jr., Asst. County Atty., for appellant.
Gilbert T. Brophy, Jupiter, and Larry Klein of Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for appellees.
ROBERTS, Justice.
This cause is before us on direct appeal from a final order of the Circuit Court of Palm Beach County, holding Chapter 72-644, Laws of Florida, unconstitutional because it violates Article III, Section 11, of the Florida Constitution, F.S.A., thereby vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(1), Florida Constitution, as amended 1973.
Appellees Hibbard, Huff and Johnson filed a complaint for declaratory judgment *2 requesting the court to adjudicate the constitutionality of the special act enacted by the Florida Legislature in the 1972 session (HB-4261, Chapter 72-644, Laws of Florida) empowering the Sheriff of Palm Beach County to grant a pistol license or in the alternative to require the Board of County Commissioners to act under Section 790.06, Florida Statutes, F.S.A. In their complaint, appellees, Hibbard, Huff and Johnson, alleged that by virtue of this special act, Palm Beach County was exempted from general state law, that is Sections 790.05 and 790.06, Florida Statutes, F.S.A. and the Sheriff of that county was granted complete authority to issue licenses to carry pistols to qualified persons over 21 years of age and of good moral character. These appellees urged that the refusal of the Sheriff or the County Commissioners to act in the issuance of permits is arbitrary, unreasonable and discriminatory. The Board of County Commissioners of Palm Beach County, appellants herein, and the Sheriff of Palm Beach County filed separate answers. Inter alia, the Board admitted that it has refused to issue new and renewal gun permits due to the enactment of HB-4261 which the Board stated relieved it from the responsibility of issuing such permits. The Sheriff in his answer, as an affirmative defense to the allegations made in the complaint, urged that Chapter 72-644 is unconstitutional and violative of Article III, Section 11(a)(1) and (4), Florida Constitution.
Final judgment was entered by the trial court declaring Chapter 72-644, Laws of Florida, to be violative of Article III, Section 11, of the Florida Constitution. The trial court, therein, explicitly stated, as follows:
"This action has proceeded to final hearing on the basis of the stipulations recorded in the Order of February 5, 1973. The Court after examination of the Memoranda of Counsel finds:
"A. As to the First Issue: The special act in question violates Art. 3 Sec. 11 of the Florida Constitution because it pertains to the `duties of officers'. Special acts have been upheld that only added to the duties of a constitutional officer, Cooley v. State ex rel. Aldrich, 155 Fla. 703, 21 So.2d 347 (1945) and State ex rel. Landis v. Armstrong, 103 Fla. 121, 137 So. 140 (1931) but the act in question curtails the duties of certain constitutional officers (county commissioners) and shifts such duties to another constitutional officer (sheriff).
* * * * * *"
"Accordingly, it is
"ORDERED AND ADJUDGED as follows:
"1. Chapter 72-644, Laws of Florida 1972 is unconstitutional because it violates Art. 3, Section 11 of the Florida Constitution.
* * * * * *"
Appellant, the Board of County Commissioners of Palm Beach County, and appellees Hibbard, Huff and Johnson, on appeal to this Court, contend the trial court erred in holding that Chapter 72-644, Laws of Florida, effective October 1, 1972, which provides:
"An Act relating to Palm Beach County, weapons and firearms; exempting Palm Beach County from the provisions of Sections 790.05 and 790.06, Florida Statutes; providing that the Palm Beach County Sheriff shall issue licenses to carry pistols; deleting the requirement that such licenses are issued by the Board of County Commissioners; providing that all other provisions shall remain in full force and effect; providing a penalty; providing an effective date.
"Be It Enacted by the Legislature of the State of Florida:
"Section 1. The provisions of this act shall be applicable only to Palm Beach County, Florida.

*3 "Section 2. It is the intention of this act to exempt Palm Beach County from provisions of Sections 790.05 and 790.06, Florida Statutes.
"Section 3. Whoever shall carry around with him or have in his manual possession in Palm Beach County, any pistol without having a license from the Sheriff of Palm Beach County, shall be guilty of a misdemeanor of the second degree, punishable as provided in §§ 775.082 or 775.083; provided that this section shall not apply to the sheriff, deputy sheriffs, city or town marshals, policemen, constables or United States marshals or their deputies as to the carrying of concealed weapons.
"Section 4. The Sheriff of Palm Beach County may grant a license to carry a pistol only to such persons as are over the age of twenty-one (21) years and of good moral character, for a period of two (2) years, upon such person giving a bond payable to the Governor of the state in the sum of One Hundred Dollars ($100.00), conditioned for use of said weapons, with surety to be approved by the County Commissioners. The Sheriff shall keep a record of the names of the persons taking out such a license, the name of the maker of the pistol licensed to be carried, and the caliber and the number of same."
is unconstitutional as being in violation of Article III, Section 11, Florida Constitution, which provides in pertinent part:
"§ 11. Prohibited special laws (a) There shall be no special law or general law of local application pertaining to: (1) election, jurisdiction or duties of officers, except officers of municipalities, chartered counties, special districts or local governmental agencies."
We agree with the trial court and find that this Special Act constitutes a prohibited special law as defined by Article III, Section 11, Florida Constitution. Since 1893 it has been the duty of the County Commissioners of the respective counties to issue such permits as are involved sub judice.[1]
Section 790.06, Florida Statutes, F.S.A., provides:
"How license procured. The county commissioners of the respective counties of this state may at any regular or special meeting grant a license to carry a *4 pistol, winchester or other repeating rifle, only to such persons as are over the age of twenty-one years and of good moral character, for a period of two years, upon such person giving a bond payable to the governor of the state in the sum of one hundred dollars, conditioned for the proper and legitimate use of said weapons, with sureties to be approved by the county commissioners. The commissioners shall keep a record of the names of the persons taking out such a license, the name of the maker of the firearm so licensed to be carried, and the caliber and number of the same."
Section 790.05, Florida Statutes, F.S.A., provides:
"Penalty for carrying pistol or repeating rifle without first obtaining license. Whoever shall carry around with him, or have in his manual possession, in any county in this state, any pistol, winchester rifle or other repeating rifle, without having a license from the county commissioners of the respective counties of this state, shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083; provided, this section shall not apply to sheriffs, deputy sheriffs, city or town marshals, policemen, constables[*] or United States marshals or their deputies as to the carrying of concealed weapons."
Appellant argues that this Court has given the constitutional prohibition against the passing of special laws pertaining to the duties of officers a liberal interpretation allowing some change in an official's duties so long as the general purpose of the special act is a valid one. However, as appellee indicates, the entire purpose of the special act in question is the transference of duties from the County Commissioners to the Sheriff. This change is not merely incidental to some other valid main purpose of the act.
This Court in Hayek v. Lee County, 231 So.2d 214 (Fla. 1970), upheld the constitutionality of a special law which created a new Court of Record for Lee County pursuant to Article V, Section 1 of the Constitution of 1885. The act designated the State Attorney of the Circuit in which Lee County is located as the prosecutor of all felonies in said court, the county prosecuting attorney as the prosecutor of all misdemeanors, the Clerk of the Circuit Court of Lee County as Clerk of said court, and the Sheriff was designated as Chief Executive. In upholding the constitutionality of the special act, this Court held that the decisions of this Court construing Section 20, Article III of the Constitution of 1885 are applicable and control in cases construing present Section 11(a)(1) of Article III of the Constitution of 1968, and that the addition of duties to these officers was merely incidental to the main purpose of the act which was to establish a Court of Record pursuant to Article V, Section 1 of the Constitution of 1885. Pertaining to the numerous cases of this Court construing the 1885 provision and as the basis of authority for upholding the act, this Court in a footnote to its decision stated:
"Among the many cases which have been decided by this Court on this point are: State ex rel. Landis v. Dickenson, 103 Fla. 907, 138 So. 376 (1932); State v. Sullivan, 95 Fla. 191, 116 So. 255 (1928); Hancock v. Sapp, 225 So.2d 411 (Fla. 1969); Hanson v. State, 56 So.2d 129 (Fla. 1952); Kirkland v. Phillips, 106 So.2d 909 (Fla. 1958); and State v. City of Tampa, 72 So.2d 371 (Fla. 1954). In 1958, Justice Thornal, speaking for a unanimous Court, summarized the holding in the above and other decisions as follows:
"`* * * Our statute books are full of authorizing legislation establishing similar *5 authorities for many Florida counties. These are taxing districts, hospital districts, drainage districts and many other similar districts or such agencies of county government that have been created by local acts of the Legislature. The cases sustain the notion that these agencies serve a useful and valid county function. * * *
"`Having arrived at this point, it is perfectly clear that the duties imposed upon the county commissioners by the 1955 act were merely incidental to the main purposes of the act and being such the act will not be considered as violative of Article III, Section 20, of the Florida Constitution. State ex rel. Glover v. Holbrook, 129 Fla. 241, 176 So. 99, and cases therein cited.
"`We refrain from burdening this opinion with the abundance of our own decisions which could be cited to support the proposition last stated. * * *'
"(Citing certain illustrative cases in support.) Kirkland v. Phillips, 106 So.2d at 912-913 (Fla. 1958)." (emphasis supplied) Hayek v. Lee County, supra, 231 So.2d at 215-216.
State v. Holbrook, 176 So. 99, 129 Fla. 241 (1937), involved the validity vel non of a special act, Chapter 18743, Acts 1937, being "An Act Providing for Tenure of Employment of Teachers in the Public Schools of Orange County, Florida." The act incidentally made certain limitations upon the powers of nomination vested in the Trustees of special school districts and the powers of appointment and employment vested in the County Board of Public Instruction. Therein, this Court agreed with relator's contention that the special act merely granted a privilege and certain rights to a particular class of governmental employees, to-wit, teachers, and in so far as the enforcement of any of these rights affects the activities of either the district trustees or the county school board, it is merely incidental to the fulfillment of their statutory duties, which under the act remains inviolate, and this Court succinctly explained:
"By a long line of authorities this court has held that, where the main purpose of a local or special act is valid and constitutional, and where the effect of such act upon the jurisdiction or duties of state or county officers is merely incidental to such main purpose, the act will not be held to be in violation of that provision of section 20 of article 3 of the Constitution which prohibits the passage of special or local laws regulating the jurisdiction and duties of any class of officers except municipal officers." (emphasis supplied) State v. Holbrook, supra, 176 So. at 102.
See also: Coon v. Board of Public Instruction of Okaloosa County, 203 So.2d 497 (Fla. 1967); City of Pensacola v. Scenic Hills Utility Co., Inc., 166 So.2d 134 (Fla. 1964); State v. City of Tampa, 72 So.2d 371 (Fla. 1954); Hanson v. State, 56 So.2d 129 (Fla. 1952); State et al. v. Florida State Imp. Commission, 48 So.2d 165 (Fla. 1950).
Arguing the validity of the questioned act, appellant relies on State v. Reedy Creek Improvement District, 216 So.2d 202 (Fla. 1968). However, the facts of that case are inapposite to the case sub judice. Therein, this Court held that it is permissible under the limitations of Section 20, Article III, Constitution of 1885,[2] for *6 the Legislature to impose on state and county officers administrative duties as an incident to the formation of a taxing district for governmental purposes in order to effectuate the purposes of the district. See also: Wilson v. Hillsborough County Aviation Authority, 138 So.2d 65 (Fla. 1962).
This Court in State et al. v. Pinellas County, 36 So.2d 216 (Fla. 1948), upheld the constitutionality of a special act authorizing Pinellas County to acquire sites, offices, and buildings outside the county seat because the main purpose of the act was to authorize the construction of a county building outside the county seat and because such duties as were imposed on the county officers were merely incidental to the main purpose of the act. However, in State ex rel. Coleman v. York, 190 So. 599 (Fla. 1939), a special act was held unconstitutional by this Court because its effect on the duties of state or county officers was more than merely incidental. See Shelton v. Reeder, 121 So.2d 145 (Fla. 1960). Special acts have been held to constitute an unconstitutional violation of Article III, Section 20, Florida Constitution 1885 (Article III, Section 11, Florida Constitution, 1968 through Hayek v. Lee County, supra) when the purpose of the act is to usurp rights, powers, and privileges conferred by general law on county officers. Budget Commission of Pinellas County et al. v. Blocker, 60 So.2d 193 (Fla. 1952).
In Kirkland v. Phillips, 106 So.2d 909 (Fla. 1958), the constitutionality vel non of a special act creating a Port Authority for Liberty County was challenged on the basis that it violated Article III, Section 20, Florida Constitution (1885). Therein, this Court determined that the Legislature was authorized to create the Port Authority, that the functions to be performed by the Port Authority were valid and proper county functions, and that "Having arrived at this point, is is perfectly clear that the duties imposed upon the county commissioners by the 1955 act were merely incidental to the main purposes of the act and being such the act will not be considered as violative of Article III, Section 20, of the Florida Constitution." Kirkland v. Phillips, supra, 106 So.2d at 912.
As the trial court noted in its final judgment, special acts have been upheld which merely added to the duties of a constitutional officer as in Cooley v. State, 21 So.2d 347, 348 (Fla. 1945), wherein this Court explicated:
"It was contended in the court below, and that court so held, that this Act violates Sec. 20, Article III of the Constitution of Florida in that it is a Special or local Act regulating the jurisdiction and duties of a county officer. With this conclusion we do not agree. This Act designates the supervisor of registration of Pinellas County as registration officer of the City of Clearwater. This does not result in regulating the jurisdiction or duties of the supervisor of registration of Pinellas County and in no way changes or affects the performance of his duties as such county officer. The effect of the statute is to make him registration officer of the municipality of Clearwater and to define his jurisdiction and duties as such registration officer." (emphasis supplied)
See also: State ex rel. Landis v. Armstrong, 137 So. 140, 103 Fla. 121 (Fla. 1931).
But we reiterate that the purpose of the Special Act in question sub judice was to affect the duties of the Sheriff and the County Commissioners relative to the issuance of gun permits in direct violation of Article III, Section 11, Florida Constitution. As the trial court opined this act *7 curtails the duties of certain constitutional officers and shifts such duties to another constitutional officer. This transference of duties is not incidental to another primary and valid purpose of the act such as establishing a Court of Record, Tenure of Teachers, or the establishment of a Port Authority.
Accordingly, we affirm the judgment of the trial court and find that Chapter 72-644, Laws of Florida is unconstitutional because it clearly violates Section 11, Article III, Florida Constitution 1968.
It is so ordered.
ADKINS, C.J., and BOYD, McCAIN, DEKLE and CARLTON (Retired), JJ., concur.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting):
The majority opinion is an undue restriction on the legislative power under the Constitution to enact local legislation. The primary object of Ch. 72-644 is to regulate the licensing of weapons and firearms, i.e., pistols, in Palm Beach County, Florida, and to provide a penalty for failure to comply with licensing provisions of the Act.
The Act prescribes in Section 4 the standards for securing a license to carry a pistol. The Sheriff of Palm Beach County is delegated the administrative duty of carrying out the licensing standards. This is an incidental duty to the main objective of the Act which is to provide for the licensing to carry pistols in the County.
The majority opinion sets forth the applicable cases supportive of the position herein. It is unnecessary to repeat them.
I predict the majority opinion will spawn numerous cases until it is receded from or distinguished. It is certainly a hobbling one and puts in confusion and doubt the extent to which the Legislature can delegate to state and county officers incidental duties in carrying out the main purposes of its enactments.
NOTES
[1] Chapter 4147, Laws of Florida, 1893, provided, in part: Section 1. That in each and every county in this State, it shall be unlawful to carry or own a Winchester or other repeating rifle or without first taking out a license from the County Commissioners of the respective counties, before such person shall be at liberty to carry around with him on his person and in his manual possession such Winchester rifle or other repeating rifle. Sec. 2. The County Commissioners of the respective counties in this State may grant such license at any regular or special meeting. Chapter 5139, Laws of Florida, 1903, slightly modified Chapter 4147, Laws of Florida, 1893, to the extent that, Sec. 1. That Section 2 of Chapter 4147, Laws of Florida, be amended so as to read as follows: Sec. 2. The County Commissioners of the respective counties in this State may grant such licenses at any regular or special meeting to such persons only as are twenty-one years of age, and of good moral character. Approved May 26, 1903.

Section 5101 (GS 3268), Revised General Statutes of Florida provided: How license procured.  The county commissioners of the respective counties of this State may at any regular or special meeting grant a license to carry a pistol, Winchester or other repeating rifle, only to such persons as are over the age of twenty-one years and of good moral character, for a period of two years, upon such person giving a bond payable to the Governor of the State of Florida in the sum of one hundred dollars, conditioned for the proper and legitimate use of said weapons, with sureties to be approved by the said county commissioners. And the said commissioners shall keep a record of the names of the persons taking out such a license, the name of the maker of the firearm so licensed to be carried, and the caliber and number of the same.
[*] The Legislature in the 1973 session struck constables from 790.05, Florida Statutes, F.S.A. See Chapter 73-334.
[2] Article III, Section 11(a), modified Article III, Section 20, Constitution of 1885, which provided in pertinent part: "[Special and private laws, when prohibited] The Legislature shall not pass special or local laws in any of the following enumerated cases: that is to say, regulating the jurisdiction and duties of any class of officers, except municipal officers, ..." Article III, Section 11(a) now provides: "Prohibited special laws (a) There shall be no special law or general law of local application pertaining to: (1) election, jurisdiction or duties of officers, except officers of municipalities, chartered counties, special districts or local governmental agencies;"