304 So.2d 121 (1974)
BRANDON PLANNING AND ZONING AUTHORITY, Appellant,
v.
David M. BURNS et al., Appellees.
No. 46048.
Supreme Court of Florida.
November 27, 1974.
*122 Robert S. Edwards of Edwards & Sawyer, Plant City, for appellant.
E.O. Palermo and Joseph G. Thresher of Shackleford, Farrior, Stallings & Evans, Tampa, for David M. Burns; and F. Perry Odom and Thomas M. Ervin, Jr., of Ervin, Varn, Jacobs & Odom, Tallahassee, for Homebuilders Ass'n of Greater Tampa, Inc., appellees.
David A. Maney of Gordon & Maney and Peavyhouse, Giglio & Grant, Tampa, for Brandon Business and Professional Women's Club, Bloomingdale Civil Ass'n Brandon American Legion Post 278, Brandon Barracks of Veterans of World War I, Save Brandon Defense Fund An Unincorporated Ass'n, George Kosan and Malvern Coker, amicus curiae.
ROBERTS, Justice.
This cause is on direct appeal to review a final declaratory judgment of the Circuit Court in and for Hillsborough County, holding Chapter 72-564, Laws of Florida, unconstitutional because it violates Article III, Section 11, Florida Constitution. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution (1973).
Naming appellant, Brandon Planning and Zoning Authority, and Hillsborough County as defendants, appellee, David Burns, filed a complaint for declaratory judgment seeking to have Chapter 72-564, Laws of Florida, declared inoperative as violative of several sections of the Constitution of Florida. Hillsborough County filed an answer and cross-claim against Brandon Planning and Zoning Authority claiming that Chapter 72-564, Laws of Florida, unconstitutionally violates several sections of the Constitution of Florida.
Chapter 72-564, Laws of Florida,[1] special act applying to a certain designated area in Hillsborough County, known as the Brandon area, established the Brandon Planning and Zoning Authority and invested it with exclusive authority to adopt rules, regulations and procedures for comprehensive planning and zoning of the Brandon area to the exclusion of the Board of County Commissioners of Hillsborough County. After argument and consideration of memoranda of law, the trial court properly allowed Homebuilders Association of Tampa, Inc. to intervene.
Burns and Homebuilders moved for final judgment against Brandon Planning and Zoning Authority on the pleadings. In a final declaratory judgment declaring the questioned act unconstitutional, the trial judge found, as follows:
"The act, by its terms, further grants the Authority the right to adopt such rules, regulations and procedures as are necessary to effectively administer the act; provides that: `All actions of the Authority shall have the force and effect of county ordinance and shall be administered and enforced by the appropriate Hillsborough County officers;' that the Authority may institute any appropriate proceedings in its own name to prevent violation of its regulations; that Hillsborough County Planning Commission shall serve in an advisory capacity to the Authority; that the expenditure of public funds by the Hillsborough County Commission for the Authority and any of its functions is a valid county purpose; and that Chapter 133,[2] the general county zoning law, if in conflict, is inapplicable to the `Brandon area.' The act contains no severability clause.
"This court is of the opinion that said special act is unconstitutional in that it *123 violates Article III, Section 11(a)(1) of the Florida Constitution, providing:
`a. There shall be no special law or general law of local application pertaining to:
1. Election, jurisdiction or duties of officers, except officers of municipalities, chartered counties, special districts or local governmental agencies;'"
The trial court provided the following rationale for its decision:
"In Hayek v. Lee County, 231 So.2d 214, it was held that decisions construing Section 20, Article III, of the Constitution of 1885, are applicable to, and control in cases construing present Section 11 of Article III of the Florida Constitution enacted in 1968.
"Special acts are not invalid which only add to the duty of constitutional officers. Cooley v. State ex rel. Aldrich, [155 Fla. 703], 21 So.2d 347. Application of this rule is found in the present laws under which the Board of County Commissioners operates. The County Commissioners draw their general zoning authority from Chapter 125.01, Florida Statutes and, in furtherance thereof, certain special acts more specific prescribing their duties. Ch. 24592, Laws of Florida, Special Acts of 1947; Ch. 25889, Laws of Florida, 1949; Ch. 29131, Laws of Florida, 1953. Pinellas Co. v. Laumer, 94 So.2d 837; State, et al v. Pinellas County, [160 Fla. 549], 36 So.2d 216. Where the main purpose of a special act is valid and constitutional and where the effect upon the jurisdiction or duties of the county officers is merely incidental to the main purposes, the act will not be held in violation of this section. Board of Cty. Com'rs of Palm Beach Cty v. Hibbard, 292 So.2d 1, Wilson v. Hillsborough County Aviation Authority, 138 So.2d 65, and cases therein cited.
"When the purpose of the special act is to usurp rights, powers, and privileges conferred by general law on county officers, then said act must be held unconstitutional as an unconstitutional violation of the foregoing section. Commission of Pinellas County v. Blocker, 60 So.2d 193, Board of Cty. Com'rs of Palm Beach Cty v. Hibbard, supra, State v. York, [139 Fla. 300], 190 So. 599, Crowder v. Phillips, [146 Fla. 440], 1 So.2d 629.
"The basic purposes of the act, sub judice, is to remove from the Board of County Commissioners their zoing (sic) jurisdiction in the `Brandon area' and to place this jurisdiction in the Brandon Planning and Zoning Authority, to give this authority power to enact county ordinances and then obligate the County Commissioners other county officers, boards and departments to comply with and enforce such ordinances. County facilities, personnel and funds would necessarily be used in carrying out ordinances enacted by this Authority.
"This transfer of jurisdiction and authority cannot be done by special act. It is noted that the act contemplates `a comprehensive plan to lessen congestion in the streets ... safety from fire . .. promote health and general welfare.' Should this usurption of and transfer of the powers of the County Commissioners be sanctioned by special act, then the Commissioners' jurisdiction and authority over roads, police protection, public utilities, etc. could be eliminated by special act. This would nullify the meaning and intent of the Constitution prohibiting special laws usurping the jurisdiction or duties of county officers."
Accordingly, the trial court ordered and adjudged that:
"1. Ch. 72-564, Laws of Florida, is in violation of Article III, Section 11 of the Florida Constitution and is therefore unconstitutional.
"2. That the Brandon Planning and Zoning Authority is acting without legal authority and is hereby dissolved."
*124 We agree with the trial court and find that the special act in question constitutes a prohibited special law as defined by Article III, Section 11(a)(1) of the Florida Constitution. See Board of County Commissioners of Palm Beach County v. Hibbard, 292 So.2d 1 (Fla. 1974), Budget Commission of Pinellas County, et al. v. Blocker, 60 So.2d 193 (Fla. 1952), State ex rel. Coleman v. York, 139 Fla. 300, 190 So. 599 (Fla. 1939).
While it is our opinion that the present law must fail because it is a special law in violation of Article III, Section 11, Florida Constitution, by way of caveat, we respectfully point out that zoning in limited geographical areas could be accomplished under some plan provided for in general legislation. It is our opinion that in many instances people within a less than countywide geographical area might be able to deal more appropriately with zoning problems involving them than when such problems are handled by such countywide legislation. However, such is a matter for legislative wisdom rather than judicial interpretation and we respectfully call this problem to the attention of our coordinate partner in our tripartite government, the Legislature.
Accordingly, having determined that Ch. 72-564 is unconstitutional in that it violates Article III, Section 11, Florida Constitution, we affirm the final declaratory judgment of the trial court.
It is so ordered.
ADKINS, C.J., and BOYD and OVERTON, JJ., concur.
McCAIN and DEKLE, JJ., dissent.
NOTES
[1] Chapter 74-490, Laws of Florida, amended portions of Chapter 72-564.
[2] The County Commissioners derive their general zoning authority from Chapter 125, Florida Statutes, Ch. 71-14, Laws of Florida.