PER CURIAM.
The Cities of Pompano Beach, Margate and Hollywood, Florida (“the Cities”) brought this action for declaratory relief in which they argued section 28.2402 and section 34.045, Florida Statutes, which took effect in 2004, are unconstitutional in view of Article V, Section 14, of the Florida Constitution. These statutes require municipalities to pay nominal filing fees to the clerks of court when prosecuting local ordinance violations through the court system.[1] The Cities contend that such payments amount to “funding” for the clerks of court and are prohibited by Article V, Section 14, of the Florida Constitution .which provides that “funding” for the clerks of the circuit and county courts shall be provided by “filing fees” and that no municipality “shall be required to provide any funding for ... the offices of the clerks of the circuit and county courts performing court-related functions.” The trial court found the statutes constitutional and concluded that
[T]he term “funding,” used throughout Section 14, refers to the general funding obligations of the State of Florida, coun *694 ties, and municipalities in their capacity as governmental entities (as opposed to potential users of the court system). That is, “funding” refers to the core government responsibility of paying for the court system on a continuing, non-contingent basis using general appropriations authority. (Emphasis in original).
We have reviewed the argument of counsel, the statutory enactments and the constitutional provision. We reverse the order on appeal because we find that the use of the term “funding” within the language of Article V, Section 14, of the Florida Constitution is ambiguous with regard to the Cities’ exemption or exclusion from the payment of filing fees, and the trial court erred in not considering extrinsic evidence regarding legislative history and background of the constitutional amendment to aid in interpretation.
Intent is traditionally discerned from historical precedent, from the present facts, from common sense, and from an examination of the purpose the provision was intended to accomplish and the evils sought to be .prevented. Furthermore, we may look to the explanatory materials available to the people as a predicate for their decision as persuasive of their intent.
Dep’t of Envt’l Protection v. Millender, 666 So.2d 882, 885-86 (Fla.1996); see also Hayek v. Lee County, 231 So.2d 214 (Fla. 1970) (allowing extrinsic evidence of background and intent to interpret ambiguous constitutional amendment). Based on the trial court’s pronouncement at the hearing that there was no ambiguity and that extrinsic evidence would not be considered, the Cities did not present extrinsic evidence concerning intent and should be given the opportunity to do so.[2] Accordingly, we reverse the judgment on appeal and this cause is remanded for further proceedings. We express no opinion as to the trial court’s ultimate conclusion in the order on appeal since that would be premature in light of our remand to consider additional evidence and argument.

Reversed and Remanded.

STEVENSON, C.J., and SHAHOOD, J., concur.
POLEN, J., dissents with opinion.

. Section 28.2402(l)(a) provides in part that "[i]n lieu of payment of a filing fee under s. 28.241, a filing fee of $10 shall be paid by a county or municipality when filing a county or municipal ordinance violation or violation of a special law in circuit court." Section 34.045(l)(a) provides that "[i]n lieu of payment of a filing fee under s. 34.041, a filing fee of $10 shall be paid by a county or municipality when filing a violation of a county or municipal ordinance or a violation of a special law in county court.”

. Although some evidence of background and intent was introduced by the Clerk of Court for Broward County, the trial judge stated: "I don’t want to deal with any legislative history and background.... I just want to deal with the language.”