PER CURIAM.
The two defendants were charged by information with contracting without being duly certified in violation of Special Act Section 10, Chapter 67 — 1876, Laws of Florida. One of the defendants was also charged with disseminating misleading advertising in contravention of said Section 10[1] and with failing to include his certificate of competency number on advertising required by the same Section. The defendants filed a motion to dismiss seeking to declare Special Act 67-1876, Laws of Florida, unconstitutional as violative of Article III, Section ll(a)(20) of the Florida Constitution. The trial court agreed and granted the motion finding Chapter 67-1876 unconstitutional, thus dismissing the counts alleging violations of the Act, but not the counts alleging violations of the statute referred to in footnote 1 below. The State appeals and we reverse.
The defendants urge this court to accept the “syllogistic strength” of their argument of unconstitutionality:
1. The Palm Beach County Construction Industry Licensing Board was created by Special Act 67-1876 making it unlawful for any person to engage in the business of, or in the capacity of, a contractor without having met the provisions of the act which by its terms regulates the construction and home improvements industry in Palm Beach County.
2. Chapter 489, Florida Statutes, provides for statewide regulation of the construction and home improvements industry by a state agency.
*360 3. The Florida Constitution, Article III, Section ll(a)(20) prohibits special acts which regulate occupations already regulated by state agencies:
Section 11. Prohibited special laws.—
(a) There shall be no special law or general law of local application pertaining to:

(20) regulation of occupations which are regulated by a state agency;
4. Therefore, the Special Act 67-1876, and the amendments thereto, creating the Palm Beach County Construction Industry Licensing Board, and providing for the regulation of the construction industry occupations and criminal sanctions for the violation of the act are unconstitutional because it is preempted by Chapter 489.
The above reasoning is appealing, but valid only if one accepts the premise that Chapter 489 “regulates” persons engaged in the business of contracting. We do not.
Section 489.129, Florida Statutes (1979) enumerates the powers and duties of the State Construction Industry Licensing Board, but no authority is granted to enforce local laws or ordinances or otherwise “regulate” the activities of the local contracting board. The only allusion to regulation in the statute is the statement that regulation of the construction industry is necessary. However, the section does not suggest that regulation is the exclusive function of the Construction Industry Licensing Board. To the contrary we believe the wording of the chapter clearly contemplates local regulation.
Chapter 489 sets forth three classes of contractors. The first group is exempt from the scope of the act and from the jurisdiction of the Construction Industry Licensing Board, and the third group (certified contractors) is exempt from local competency requirements because they have passed state certification and eligibility requirements. The second group consists of registered contractors who have fulfilled local competency requirements and only wish to contract in those areas for which their competency is established. The only authority the State Construction Board asserts over these local contractors is “registration,” consisting of enrolling their names on a list (see Section 489.105, Florida Statutes). Neither the Board nor the Department evaluates the qualifications of the local applicant, nor must he pass any kind of State examination in contrast to an applicant who wishes to operate state-wide.
Section 489.113 states:
(1) Any person who desires to engage in contracting on a state-wide basis shall, as a prerequisite thereto, establish his competency and qualifications to be certified pursuant to this act. To establish his competency, a person shall pass the appropriate examination administered by the department. Any person who desires to engage in contracting on other than a state-wide basis shall, as a prerequisite thereto, be registered pursuant to this act, unless exempted by this act. Registration shall be required of specialty contractors when licensing is required by a county or municipality in which the specialty contractor practices.
In contrast is Section 489.117 providing:
(1) Any person engaged in the business of contracting in the state shall be registered in the proper classification, unless he is certified. Any person entering the business of contracting shall be registered prior to engaging in contracting, unless he is certified. To be initially registered, the applicant shall submit the required fee and file evidence, in a form provided by the department, of holding a current local occupational license issued by any municipality, county, or development district for the type of work for which registration is desired and evidence of successful compliance with the local examination and licensing requirements, if any, in the area for which registration is desired. No examination shall be required for registration. (Emphasis added.)
While the duties of the State Board and the Palm Beach County Board may be similar in purpose, each set of duties is directed toward a different class of persons — the *361 treatment accorded registered contractors is totally different from that accorded certified contractors.
A case in support of constitutionality is Pinellas County Planning Council v. Smith, 360 So.2d 371, 373 (Fla.1978). While the subsection of Article III under consideration there was different, the court quoted language concerning an “incidental effect” test and held the special act constitutional noting that on a former occasion they had found “that although the act required the board to perform duties which theretofore were not required, the additional duties were merely incidental to the main purpose of the act.” Similarly, the special law here in no way usurps any authority vested in the Construction Licensing Board, nor does it conflict with the regulatory scheme set forth in general law. In response, the defendants counter with the case of Brandon Planning and Zoning Authority v. Burns, 304 So.2d 121 (Fla.1974), where a statute which established a planning and zoning authority and invested it with exclusive authority to adopt rules, regulations and procedures was held to be a prohibited “special law in violation of Article III Section 11 of the Florida Constitution.” However, this latter case is distinguishable because under its facts the act usurped the rights, powers and privileges of county officers. Here the functions of the State Construction Industry Licensing Board compliment the activities of the local board and the state agency does not “regulate” the same persons or businesses which are licensed by the Palm Beach County Licensing Board pursuant to Chapter 67-1876.
Accordingly, the order of the trial court granting the motion to dismiss is reversed and this cause is remanded for further proceedings in accordance herewith.
LETTS, C.J., BERANEK, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.

. He was also charged with this particular violation under Section 817.06 and Section 817.-41(1), Florida Statutes (1979).